Michael A. VALENTE, III

v.

**CITY OF WESTBROOK.**

Supreme Judicial Court of Maine.

Argued June 13, 1988.

Decided July 5, 1988.

Leslie E. Lowry, III (orally), Jensen, Baird, Gardner & Henry, Portland, for plaintiff.

Richard A. Sullivan (orally), Westbrook, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN,

SCOLNIK, CLIFFORD and HORNBY, JJ.

SCOLNIK, Justice.

The plaintiff, Michael A. Valente, III, appeals from a judgment of the Superior Court, Cumberland County, entered pursuant to M.R.Civ.P. 80B affirming a decision of the City of Westbrook Planning Board ("Board") denying his preliminary plan for a clustered subdivision development. Because the Board failed to state adequately its reasons for the denial of the plaintiff's preliminary plan, we vacate the judgment.

## I.

In October 1986, Valente submitted a preliminary subdivision plan to the City of Westbrook proposing a 37 lot residential development of a parcel of land he owns in Westbrook. The plaintiff's proposal was made pursuant to special provisions in Section VII of Westbrook's Zoning Ordinance that authorize "cluster residential development." This form of development allows building construction on smaller lots than normally required by applicable zoning regulations in return for the commitment of portions of the tract to permanent open space.

To gain approval of a subdivision project, a developer must comply with the sequential process set forth in Article II of Westbrook's Subdivision Ordinance. Under this process, the developer initially submits a preliminary plan and after receiving tentative approval from the Planning Board, he submits a definitive plan for final approval. The Board first considered plaintiff's subdivision plan at a meeting on October 14, 1986. The plan was reviewed before the meeting by the City's Director of Engineering and its Director of Planning and Development. In memoranda to the Board, the City Engineer indicated that he had problems with the plan's proposed sewer and septic systems, and the City Planner expressed reservations whether the proposed layout was in fact a "clustered residential subdivision" as envisioned by the ordinance. The Board considered the project and memoranda during the period from October 1986 to January 1987, namely, at the October 14th meeting, at subsequent meetings, and at a site inspection.

During the meetings subsequent to October 14, there was substantial confusion as to whether the Board was reviewing a preliminary or a definitive plan. At a meeting on January 27, 1987, a Board member sought to eliminate the confusion by moving to approve the preliminary plan and proceed to the definitive stage. The motion was seconded, but after a discussion in which expressions of dissatisfaction with the plan's use of cluster development were raised, the motion failed. After additional discussion concerning problems with the plan's septic and sewer systems and further opposition to the plan for its failure to "meet the intent of the cluster provisions," the Board voted to deny the preliminary plan "because in the opinion of the board, it [did] not meet the provisions of Sub-section 7 of the Zoning Ordinance." At a meeting held on February 10, 1987, the Board refused the plaintiff's request to reconsider the denial. The plaintiff sought judicial review of the Board's denial to the Superior Court pursuant to M.R.Civ.P. 80B. Following a hearing on December 1, 1987, the court affirmed the Board's decision. This appeal followed.

## II.

When the Superior Court acts as an appellate court reviewing the action of a Planning Board, as it did here, we examine directly the record as it developed before the Board. We will not substitute our judgment for the Board's, but will determine whether there was an abuse of discretion, error of law, or findings not supported by substantial evidence in the record. *Lakes Environmental Ass'n v. Town of Naples,* 486 A.2d 91, 94 (Me.1984).

On appeal, the plaintiff argues, *inter alia,* that the Board failed to state adequately its reasons for the denial of the plaintiff's preliminary plan. We agree. In issuing a decision on an application for subdivision approval, the Board is required by statute to set forth in the record the reasons for its decision and to make find-

ings of fact. *See* 1 M.R.S.A. § 407(1) (1979); 30 M.R.S.A. § 4956(2) (Supp.1987). In denying the plaintiff's preliminary plan, the Board merely stated that the project did not meet the provisions of Section VII of the Westbrook Zoning Ordinance. We have said that the statutory requirements can be satisfied even though the form of the findings is unsatisfactory, when the decision is supportable on the basis of express or implicit findings revealed by the record as a whole. *Driscoll v. Gheewalla,* 441 A.2d 1023, 1026–27 (Me.1982); *Cunningham v. Kittery Planning Board,* 400 A.2d 1070, 1079 (Me.1979). We do not find the necessary implicit findings in this record and are otherwise unable to undertake a meaningful review of this matter. We therefore conclude that the absence of findings, particularly in light of plaintiff's specific request for such findings, requires that the judgment be vacated. *See Driscoll,* 441 A.2d at 1026–27. In view of our decision, we need not address other arguments raised by the plaintiff.[1]

The entry is:

Judgment vacated.

Remanded to the Superior Court with instructions to remand to the Westbrook Planning Board for findings of fact consistent with the opinion herein.

All concurring.

---

1. One of plaintiff's other arguments is that the Board's actions constituted tentative approval of his preliminary plan. Since the plaintiff failed to raise this issue before the Superior Court, it is not properly before us on appeal. *See Bayside Enterprises v. Maine Agr. Bargaining Board,* 513 A.2d 1355, 1360–61 (Me.1986).