**Barbara J. WHITE**

v.

**TOWN OF HOLLIS, et al.**

Supreme Judicial Court of Maine.

Submitted on Briefs March 19, 1991.
Decided April 11, 1991.

App.1982) (upholding admission of statement by ten-year-old victim to mother three days after sexual assault).

Michael D. Cooper, Desmond, Cooper, Manderson & Millett, Westbrook, for plaintiff.

Glen R. Anderson, Hollis, David D. Farrar, Professional Resource Associates, P.A., Portland, for defendants.

Before McKUSICK, C.J., and ROBERTS, WATHEN, CLIFFORD, COLLINS and BRODY, JJ.

COLLINS, Justice.

Plaintiff Barbara J. White appeals the decision of the Superior Court (York County, *Broderick, J.*) that affirmed the decision of the Hollis Zoning Board of Appeals (Board) that denied a variance to plaintiff. On appeal, plaintiff argues that she did not receive a fundamentally fair hearing in violation of her right to due process. Plaintiff is correct; the Board did violate her due process rights by not following the proper procedure and by not applying the law evenhandedly. However, plaintiff failed to present evidence at the hearing that would establish undue hardship, so we must affirm.

In 1988, plaintiff attempted to get a building permit for an addition to her home but no authorized official was available. She commenced building without a permit. The Town of Hollis brought an action against plaintiff for this violation in March, 1989. Later, plaintiff applied to defendant's code enforcement officer (CEO) for a building permit for the same addition. Her request was denied because it violated setback requirements. On the same day, she filed an application for a variance to these requirements.

On June 1, 1989, Board held a public hearing. At this hearing, it was disclosed that ex parte communications, presumably about the land use violation, had occurred with the Board. The Board denied the variance. On June 12, 1989, plaintiff asked the Board to reconsider its denial, objecting to the absence of the CEO from the hearing. On the same day, plaintiff appealed the action pursuant to M.R.Civ.P. 80B. The reconsideration motion made to the Board was denied. Plaintiff, pursuant to

80B(d), made a motion for a trial of facts to the Superior Court on July 11, 1989, seeking to establish the nature of the ex parte communications. The court (*Fritzsche J.*) denied the request for a trial of facts, saying that plaintiff was not entitled to a variance as a matter of law and, therefore, the Board's possible misconduct was irrelevant. The 80B appeal was also denied for the same reason in October, 1989 (*Brodrick, J.*). This timely appeal followed.

■ We review the decision of the Board directly, without regard to the intermediate court's determination, to see if facts could reasonably have been found by the Board to support its decision, if the Board stayed within its discretion, if the Board applied the proper law and if the Board's application of the law was neither arbitrary nor capricious. *Curtis v. Main,* 482 A.2d 1253, 1255 (Me.1984).

■ Plaintiff argues that she was denied a fundamentally fair hearing because the Board received ex parte information about the project, the CEO failed to appear at the hearing and the Board, even at the same hearing, granted variances to other applicants for reasons similar to plaintiff's. 30–A M.R.S.A. § 2691 (Pamph.1989) outlines the procedure to be taken by a board, including allowing "every party ... the right to present the party's case or defense by oral or documentary evidence, to submit rebuttal evidence and to conduct any cross-examination that is required for a full and true disclosure of the facts." *Id.* at § 2691(3)(D). An additional element of procedure significant to this case is that "the code enforcement officer or his designated assistant *shall* attend all hearings and *shall* present to the Board of Appeals all plans, photographs, or other material he deems appropriate for an understanding of the appeal." Hollis Zoning Ordinance 3.7.-2(4)(g) (emphasis added). The overarching principle of procedure in any board action is the right to a minimum of procedural due process: the Board needs to apply the proper law in an evenhanded way, not arbitrarily or capriciously. *Curtis,* 482 A.2d at 1255; *Driscoll v. Gheewella,* 441 A.2d 1023, 1026 (Me.1983); *see generally Mut-*

*ton Hill Estates v. Town of Oakland,* 468 A.2d 989 (Me.1983). Here, the record shows that there was not full and true disclosure, the CEO or representative was not present and the Board did not apply variance law consistently. However, the record also shows that plaintiff did not establish undue hardship without which a variance cannot be granted.

■ 30–A M.R.S.A. § 4503 (Pamph.1989) states that "[t]he board may grant a variance only where strict application of the [zoning] ordinance to the petitioner and the petitioner's property would cause undue hardship." Pertinent to this appeal, to find undue hardship a board must find that "[t]he land in question cannot yield a reasonable return unless a variance is granted." *Id.* at § 4503(3)(A). The showing necessary to support a finding that the property cannot yield a reasonable return is one that demonstrates "a loss of all beneficial use of the property." *Anderson v. Swanson,* 534 A.2d 1286, 1289 (Me.1987).

Plaintiff did not present evidence at the hearing that established all loss of beneficial use; she, in fact, admitted she was going to continue living there, had raised her family there and thought it suitable for an older couple or small family. While we do not condone the Board's blatant disregard of the law, plaintiff did not make the strict showing necessary to find no reasonable return and the denial of her application for a variance was proper.

The entry is:

Judgment affirmed.

All concurring.