**Joseph R. SHERWOOD**

v.

**TOWN OF KENNEBUNKPORT.**

Supreme Judicial Court of Maine.

Argued March 22, 1991.

Decided April 17, 1991.

Gordon C. Ayer, Durward W. Parkinson, Neal F. Pratt (orally), Bernstein, Shur, Sawyer & Nelson, Kennebunk, for plaintiff.

Richard Spencer (orally), Barbara L. Krause, Drummond, Woodsum, Plimpton & MacMahon, Portland, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, CLIFFORD, COLLINS and BRODY, JJ.

BRODY, Justice.

Joseph R. Sherwood appeals from a judgment of the Superior Court (York County, *Brodrick, J.*) affirming the decision of the Kennebunkport (Town) Zoning Board of Appeals (Board) finding him in violation of the Town Land Use Ordinance (Ordinance). Sherwood challenges the Board's factual conclusion that the principal use of his seasonal residence on March 12, 1985, was

water dependent within the meaning of the Ordinance. Finding no error, we affirm the judgment.

In 1960, Sherwood purchased a parcel of land in the Town with a type of building on it known locally as a fish house. In 1977, after obtaining a building permit, he tore down the structure and replaced it with another of approximately the same dimensions and style, but with the addition of electrical service, a raised floor to avoid water intrusion during the seasonal flood tide, and a deck. In 1983, Sherwood authorized the Town to install on his property the necessary equipment for connection to a planned sewer line, which was completed after March 12, 1985. The installation of plumbing and cooking facilities in the building followed between May and October of 1985.

The Sherwood property is located in the Town's Cape Porpoise West Zone and in the overlay Resource Protection and Shoreland Protection Zones. The building is situated well within the seventy-five-foot setback now required for structures in the overlay zones in that only one to two feet of the building is actually above the high water mark. Because the original structure was built before the Town adopted zoning, however, the building is grandfathered as a nonconforming-use structure that may be used subject to various limitations set forth in the Ordinance.

One of the Ordinance provisions limiting the use of nonconforming buildings in the Resource Protection and Shoreland Protection Zones provides in pertinent part:

A building or structure located on or above the aquatic lands of the Town, *which was in existence on March 12, 1985, and which contained a principal use which was not water dependent on that date,* may be used for any other use which is allowed in the underlying zone provided that the exterior dimensions of the building or structure are not changed.

"Principal use" is defined by the Ordinance to mean "[t]he primary use to which the premises are devoted or for which the premises are arranged, designed or intended to be used." A water dependent use, according to the Ordinance, is "[a] use which, by its nature, requires a shorefront or surface water location, including, without limitation, boat yards, marinas, boat houses, boat launching ramps, ship chandleries and commercial fishing facilities." The underlying Cape Porpoise West Zone allows single-family residential use.

On June 28, 1989, the Town code enforcement officer (CEO) notified Sherwood that he was in violation of the Ordinance for having converted his fish house to a dwelling without a change of use permit. Sherwood appealed to the Board, which found after a public hearing that the principal use of his building before 1985 was as a boathouse, a water dependent use, and that Sherwood had "failed to prove that he changed the use from a boathouse to a residence before March 12, 1985."[1] Accordingly, the Board upheld the CEO's decision. Sherwood sought review in the Superior Court pursuant to M.R.Civ.P. 80B. The court denied his appeal, affirming the Board's determination on the ground that it was supported by substantial evidence in the record.

Because the Superior Court acted as an intermediate appellate tribunal in reviewing the action of the Board, we directly and independently examine the record as developed before the Board. *See Camden & Rockland Water Co. v. Town of Hope,* 543 A.2d 827, 829 (Me.1988). We review the Board's decision only to determine whether the Board abused its discretion, committed an error of law, or made findings not supported by substantial evidence in the record. *Grant's Farm Assocs., Inc. v. Town of Kittery,* 554 A.2d 799, 801 (Me. 1989). We may neither find facts independent of those found by the Board nor substitute our judgment for that of the Board.

---

1. On the basis of the Board's use of the words "failed to prove," Sherwood argues that the Board must have impermissibly imposed the burden of proof on him at the public hearing.

Because he did not raise this issue before the Superior Court, however, it is not properly before this court on appeal. *See Valente v. City of Westbrook,* 543 A.2d 1373, 1375 n. 1 (Me.1988).

*Brown v. Town of Kennebunkport*, 565 A.2d 324, 327 (Me.1989).

■ There is substantial evidence in the record to support the Board's finding that the principal use of the Sherwood building on March 12, 1985, was water dependent within the meaning of the Ordinance. Abutter Walter Brassert testified at the public hearing that boats were stored in the building "for more or less seven or eight months out of the year, and boats were operated from the water side of the building during the summer months." Abutter Harriet Eaton testified that Sherwood used the building "as a boathouse because that's where he stored his boat and hung his life jackets." Through his attorney, Sherwood admitted that he stored his dinghy in the building during the winter months.

Sherwood also testified that his family used the building between 1960 and 1979 "as a type of a camp" for picnics and family gatherings. He stated that he and his sons would occasionally stay overnight during the hunting season and that his sons would sometimes spend a night in the building during the summer months. In addition, Mrs. Sherwood testified that after 1979, when reconstruction was completed, her children and their families also used the property for their vacations. Abutter Eaton testified, however, that the elder Sherwoods spent their summers in residence at a nearby campground before the sewer and plumbing were installed between May and October of 1985. Furthermore, Mrs. Sherwood admitted that she never stayed overnight in the building until after the sewer and plumbing were installed.

On the basis of the evidence in the record, the Board could reasonably have found that the Sherwood building "was used to store boats and boating equipment before 1985" and that Sherwood had not used the structure as a dwelling unit prior to March 12, 1985.[2] These facts sufficiently support the Board's conclusion that the

building was used primarily as a boathouse on March 12, 1985, and therefore did not "contain[ ] a principal use which was not water dependent" within the meaning of the Ordinance. Accordingly, the Superior Court did not err in upholding the Board's findings as supported by substantial evidence in the record.

The entry is:

Judgment affirmed.

All concurring.

---

2. The Ordinance defines "single family dwelling unit" as "[a] group of connected rooms, with bathroom and cooking facilities, intended for use by one family, and for extended periods of time."