Hubert L. HOPKINSON

v.

TOWN OF CHINA, et al.

Supreme Judicial Court of Maine.

Submitted on Briefs Sept. 10, 1992.
Decided Oct. 30, 1992.

Jed Davis, Jim Mitchell and Jed Davis, P.S., Augusta, for plaintiffs.

Gordon H.S. Scott, Eaton, Peabody, Bradford & Vigue, P.A., Augusta, Stephen F. Dubord, Paula F. Caughey, Marden, Dubord, Bernier & Stevens, Waterville, for defendants.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, COLLINS and RUDMAN, JJ.

COLLINS, Justice.

Hubert L. Hopkinson, appeals from a Superior Court (Kennebec County, *Kravchuk, J.*) determination affirming a decision by the Town of China's Board of Appeals. The Board reversed the town code enforcement officer's grant of a building permit allowing Hopkinson to convert the second story of his garage to overflow sleeping space with bath and work area. At issue is whether the Board's determination that Hopkinson's garage was not an accessory structure under the Town's land use ordinance was error. We agree with the Board's interpretation of the ordinance and therefore affirm the Superior Court's decision.

Hopkinson owns property with 90 feet of shore frontage on China Lake. The Town's Land Use Ordinance requires shore property to have 100 feet of shore frontage for each primary structure constructed.[1] China Land Use Ordinance § 8(D)(i) (1989) (hereinafter C.L.U.O. § —). Although Hopkinson's property did not meet the 100 feet frontage requirement, it had been "grandfathered" under C.L.U.O. § 8(B). The town code enforcement officer issued Hopkinson a permit on February 13, 1989 to build a garage. Hopkinson constructed a two-story, gambrel-style insulated structure with a chimney, fieldstone fireplace, custom windows, sliding glass doors and a balcony deck on the second floor. A consent agreement with town selectmen required Hopkinson to refrain from using the garage for sleeping space until properly permitted. In September 1990, the code enforcement officer granted a permit allowing Hopkinson to convert the second floor of the garage into a sleeping area with a work area and bath. Hopkinson's finished garage included a bathroom and

bedroom; recessed lighting; a full bathroom with a tub and shower unit supplied with hot and cold water; and a set of kitchen cabinets installed in an area where a kitchen might be installed.

Six citizens filed an administrative appeal with the board to set aside the permit. The citizens asserted first that the sleeping area in Hopkinson's garage constituted "residential occupancy" and as such it could not be an accessory structure under the ordinance. Next, they argued that since the garage was a second primary structure, the lot lacked adequate shore frontage under the ordinance.

The Board, voting two in favor and one abstaining, agreed with the six citizens and concluded that: 1) "[t]he design and construction of the property indicates its use for residential occupancy;" and 2) "[t]he definition of an accessory structure clearly prohibits such residential occupancy." Hopkinson sought a timely review by the Superior Court pursuant to M.R.Civ.P. 80B and 30-A M.R.S.A. § 2691(3)(G) (Pamph. 1991–92). The Superior Court (Kennebec County, *Kravchuk, J.*), without taking additional evidence, affirmed the Board's decision. Hopkinson filed a timely appeal with this court.

I.

*Preliminary Matters*

Hopkinson raises two preliminary issues. First, he asserts that the six citizens lacked standing before the board. Administrative bodies such as the board are statutory in nature and can only have such powers as those expressly conferred on them by the Legislature, or such as arise therefrom by necessary implication to allow carrying out the powers accorded to them. *Valente v. Board of Envtl. Protection*, 461 A.2d 716, 718 (Me.1983). Title 30-A M.R.S.A. § 2691 provides that any municipality "may give [its board] power to

---

1. Principal structures are defined in the ordinance as: "A structure in which a primary use of the lot is conducted." C.L.U.O. § 13(E)(3). So-called "accessory structures" are not subject to the frontage requirement. C.L.U.O. § 11(B). An "accessory" use or structure is defined in the town ordinance as: "A use or structure of a nature customarily incidental or subordinate to that of the principal use or structure and *not used for residential occupancy*." C.L.U.O. § 13(E)(4) (emphasis added).

hear any appeal by any person, affected *directly or indirectly,* from any decision, order, regulation or failure to act of any officer, board, agency or other body when an appeal is necessary, proper or required." [2] 30–A M.R.S.A. § 2691(4) (Pamph.1991–92) (emphasis added).

The citizens before the Board asserted "[w]e are property owners, we all use the lake ... for fishing, boating, whatever, and we feel that if this permit is granted it will adversely affect our property rights [and] the value of our property." The citizens have adequately shown that they would be "indirectly affected" by the grant of the permit.

 The second preliminary issue raised by Hopkinson is whether he received adequate notice of the hearing. The hearing was originally scheduled for October 25, 1990 and was so listed in a local newspaper notice. The hearing was rescheduled, however, for October 29, 1990. Hopkinson asserts that, although he had notice of the October 25th hearing, he did not learn of the rescheduling until October 25, 1990. Hopkinson was unable to attend the October 29th hearing but his attorney was present and had an opportunity to present his position. We disagree with Hopkinson's contention that this notice was so inadequate that it was prejudicial.

## II.

### Board's Determination that Garage not Accessory Structure

 When the Superior Court acts as an intermediate appellate court, this court reviews the decision of the board directly to see if the board could reasonably have found facts to support its decision, stayed within its discretion and applied the proper law in neither an arbitrary nor a capricious manner. *White v. Town of Hollis,* 589 A.2d 46, 48 (Me.1991).

 The issue before us in this case is whether the Board clearly erred by holding that Hopkinson's garage was designed for "residential occupancy" and thus could not be an accessory structure under § 13(E)(4) of the Town's ordinance. The relevant definitions of the ordinance provide:

*Primary Structure:* A structure in which a primary use of the lot is conducted.

*Accessory Use or Structure:* A use or structure of a nature customarily incidental or subordinate to that of the principal use or structure and *not used for residential occupancy.*

C.L.U.O. § 13(E)(3)–(4) (emphasis added). Although "residential occupancy" is not defined in the ordinance, the ordinance provides that "[t]erms not defined herein shall have the customary dictionary meaning." C.L.U.O. § 13.

The Board of Appeals may reverse the determination of the Code Enforcement Officer if it determines that any conclusion of law is clearly erroneous. C.L.U.O. § 12(C)(2)(c).

 The board's characterization of Hopkinson's garage as designed and constructed for "residential occupancy" is a conclusion of law. *See Singal v. City of Bangor,* 440 A.2d 1048, 1051 (Me.1982) ("Whether a proposed use, principal or accessory, falls within a given categorization contained in zoning regulations is a question of law."). We agree with the Board's interpretation of "residential occupancy" and accordingly find no error of law in its determination.

The entry is:

Judgment affirmed.

All concurring.

---

**2.** China provided its Board with authority to hear appeals from decisions of the code enforcement officer "upon written application of an *aggrieved person* and after public notice." C.L.U.O. § 12(C)(2) (emphasis added). China's ordinance defines "aggrieved parties" as follows:

A person whose land is directly or indirectly affected by the grant or denial of a permit or variance under this Ordinance, a person whose land abuts land for which a permit or variance has been granted, *or* a group of *five or more citizens* of the municipality who represent *an interest adverse to* the grant or denial of such permit or variance.

C.L.U.O. § 13(F)(2) (emphasis added).