Nancy ADLER

v.

TOWN OF CUMBERLAND[1].

Supreme Judicial Court of Maine.

Submitted on Briefs March 4, 1993.
Decided April 13, 1993.

---

**1.** Adler's complaint named as defendants: (1) the Town of Cumberland, Board of Adjustment and Appeals; (2) Robert C. Robinson, in his capacity as Chairman of the Town of Cumberland, Board of Adjustment and Appeals; and, (3) Robert B. Littlefield, in his capacities as Code Enforcement Officer, Tax Assessor and Building Inspector of the Town of Cumberland. We have previously held that a municipal zoning "board is not a proper party defendant to appeals from its decision." *See Inhabitants of the Town of Boothbay, etc. v. Russell,* 410 A.2d 554, 560–61 (Me.1980); *see also Waltman v. Town of Yarmouth,* 592 A.2d 1079 n. 1 (Me. 1991). Similarly, the Chairman of a municipal board is not a proper party defendant in this type of case. *See Russell,* 410 A.2d at 560–61. Proper parties defendant on appeals from the decision of a zoning board of appeals are municipal officers or the building inspector. *See id.* at 599–60. We have modified the caption accordingly.

Cyrus B. Adler, Noah Witty, New York City, for plaintiff.

James N. Katsiaficas, Milda A. Castner, Jensen, Baird, Gardner & Henry, Portland, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, COLLINS and RUDMAN, JJ.

RUDMAN, Justice.

Nancy Adler appeals from a judgment entered in the Superior Court (Cumberland County, *Alexander, J.,*) affirming the decision of the Town of Cumberland Board of Adjustment and Appeals upholding the determination by the Code Enforcement Officer finding her use, as a rental unit, of a finished addition to a garage on her Cumberland property in violation of local zoning ordinances. Finding no error, we affirm the judgment.

### Factual & Procedural Background

On April 19, 1991, Nancy Adler received a letter from Cumberland Code Enforcement Officer Robert B. Littlefield (CEO) notifying Adler that her use of "the finished area attached to [her] two-car garage located at 21 Foreside Road ... as a rental unit" violated local zoning ordinances. The CEO's inspection of Adler's property revealed that the finished portion of Adler's garage was being rented to a non-family member. The CEO determined Adler's use of the finished portion of the garage violated local zoning ordinances and demanded that Adler stop using the structure as a rental unit, stating in his letter to Adler:

> [i]t does appear that the structure is more of an accessory structure to the home and perhaps more identifiable as a guesthouse and not a rental unit. If the use were that of an accessory building or a guesthouse the structure could not be used as a rental unit.

Adler appealed the CEO's order to the Board of Adjustment and Appeals, and following a hearing, the Board upheld the CEO's determination. Adler then appealed to the Superior Court pursuant to Rule 80B, which affirmed the Board's decision.

I

■ Adler attacks Cumberland Zoning Ordinance (CZO) § 104.32 (1991) as vague and unconstitutional. This definitional section provides:

> ***GUEST HOUSE:*** A separate single family dwelling intended for the private use of the property owner and located on the same parcel as the residential structure. A guest house shall not be leased or rented to non-family member.

CZO § 104.32 (1991). Specifically, Adler attacks the words "intended for the private use of the property owner," contending that the identity of the contemplated "property owner" is unclear and accordingly, it is impossible to ascertain whose intent governs the proper use of the property.

Adler fails to recognize that section 104.32 merely defines the term "Guest House." Adler's property in question is located in a Low Density Residential District (LDR). Uses within the LDR are governed by the provisions of CZO § 204.2. In pertinent part, this section permits "single family detached dwellings[,] duplex dwellings, and multiplex dwellings subject to the provisions of Sec. 406B" together with accessory uses and buildings. *See* CZO § 204.2. Accordingly, property owners in a LDR may have a guest house, as an accessory use. *See* CZO §§ 204.2.1.1 & 204.-2.1.5. Section 104.32 is not vague and is in fact of questionable applicability to the present dispute.

■ We directly review the Board's decision, *see Hopkinson v. Town of China,* 615 A.2d 1166, 1168 (Me.1992), "only to determine whether the Board abused its discretion, committed an error of law, or made findings not supported by substantial evidence in the record." *Sherwood v. Town of Kennebunkport,* 589 A.2d 453, 454 (Me. 1991) (citation omitted). "We may neither find facts independent of those found by the Board nor substitute our judgment for that of the Board." *Id.* at 454–55 (citation omitted). Moreover, zoning ordinances passed in accordance with statutory authority are presumed to be constitutional and

the burden is on the party attacking the constitutionality of an ordinance to show by clear and irrefutable evidence that the ordinance infringes paramount law. *See, e.g., Danish Health Club v. Town of Kittery,* 562 A.2d 663, 664 (Me.1989); *Warren v. Municipal Officers of the Town of Gorham,* 431 A.2d 624, 627–28 (Me.1981).

■ The record of the Board hearing reveals that Littlefield informed the Board that:

> the former owner [Adler's Grantor] stated he had [the finished portion of the garage] listed as guest quarters but did permit a friend to occupy and rent the unit for a period of time, this does not make it a legal use as the permitted use is as a guest house, a copy of the contract for sale listed the finished area as a guest house, current zoning requires that a separate dwelling unit requires 1.5 acres if sewered just as the principal structure would need to have, prior to the current ordinance no rental units of any type were allowed in the LDR Zone, could not find any evidence that this was a permitted non-conforming use ... it is a garage apartment in violation of the zoning ordinance.

Based on the CEO's report, and the remainder of the record before the Board, the Board's decision to uphold the CEO's decision was supported by substantial evidence in the record and not an error of law. *See Boivin v. Town of Sanford,* 588 A.2d 1197, 1199 (Me.1991) (decision of Board is reviewed for abuse of discretion, error of law, or findings unsupported by substantial evidence in the record and the plaintiff seeking to overturn Board's decision has the burden of showing that evidence compels contrary conclusion). Accordingly, we will not disturb the Board's decision. *See id.*

The remaining arguments are either without merit or were not properly preserved for appeal.

■ We find Adler's appeal to be frivolous in that the arguments set forth are without any colorable legal basis. We therefore award the Town of Cumberland $300 attorney fees and treble costs.

The entry is:

Judgment affirmed; Appellant to pay Appellee $300 attorney fees and treble costs pursuant to M.R.Civ.P. 76(f).

All concurring.