STATE OF MAINE
CUMBERLAND, ss

STATE OF MAINE
CUMBERLAND. SS
CLERK'S OFFICE

2001 FEB -8 A 7: 56

SUPERIOR COURT
CIVIL ACTION
Docket No. AP-05-037

TIMOTHY TOOMEY,

Petitioner

v.

TOWN OF FRYE ISLAND,

Respondent

**DECISION AND JUDGMENT**
(M.R.Civ.P. 80B)

DONALD L. GARBRECHT
LAW LIBRARY

MAY 16 2007

## I. PROCEDURAL HISTORY

The appellant, Timothy Toomey, appeals from the Town of Frye Island's Board of Appeal's ("Board") decision denying his application for a variance.

Toomey applied to the Board for a variance allowing him to reduce the 100 foot shoreline setback requirement in the Town's Shoreland Zoning Ordinance ("ordinance") by 25 feet on his shorefront property; Lot 225. R. at 11.

Without the variance, Toomey is unable to build a structure on his lot given its location. It is bordered by Sebago Lake and a stream, both of which fall within the regulations of the Shoreland Zoning Ordinance. *Id.*

On September 23, 2005 the Board voted 3 - 1 to grant the variance. R. at 84-88. At the next meeting on October 7, 2005, the Board's chairman made a request to reconsider Toomey's variance after speaking with the town manager. R. at 110. The motion to reconsider the prior vote passed 5 - 0. *Id.* At a special meeting, on October 14, 2005, the Toomey variance was reconsidered and ultimately denied. R. at 140-42.

## II. DISCUSSION

### A. Standard of Review

When a Planning Board "acts as the tribunal of original jurisdiction as both fact finder and decision maker, [the court] review[s] its decision directly for errors of law, abuse of discretion, or findings not supported by substantial evidence in the record." *Brackett v. Town of Rangeley*, 2003 ME 109, ¶ 15, 831 A.2d 422, 427. In a Rule 80B action, the burden of persuasion rests with the party seeking to overturn the local decision. *Mack v. Mun. Officers of the Town of Cape Elizabeth*, 463 A.2d 717, 720 (Me. 1083).

### B. Timeliness of Board's Reconsideration

> The board may reconsider any decision reached under this section within 45 days of its prior decision. A request to the board to reconsider a decision must be filed within 10 days of the decision that is to be reconsidered. A vote to reconsider and the action taken on that reconsideration must occur and be completed within 45 days of the date of the vote on the original decision.

30-A M.R.S.A. § 2691 (3)(F)(2005).

Statutory interpretation is intended to give effect to legislative intent by examining the plain meaning of the statute. *Yeadon Fabric Domes, Inc. v. Me. Sports Complex, LLC*, 2006 ME 85, ¶ 13, 901 A.2d 200, 205. "The overarching principle of procedure in any board action is the right to a minimum of procedural due process: the Board needs to apply the proper law in an evenhanded way, not arbitrarily or capriciously." *White v. Hollis*, 589 A.2d 46, 48 (Me. 1991). "The municipal officers and the planning board, agency or office responsible for enforcing the zoning ordinance are in their official capacities parties to all proceedings before the board of appeals." *Crosby v. Town of Belgrade*, 562 A.2d 1228, 1231 (1989).

Under the clear language of the statute, the Board is empowered to reconsider its decision within 45 days and all requests to the board for reconsideration must be made

within 10 days.

The record indicates that:

> Chairman Wrzesinsky said the [sic] he was informed that the Board of Selectmen have instructed the Town Manager to Appeal the Toomey Variance. That he spoke with the Town Manager and discussed 1. Doing nothing, 2. Reopening our hearing or 3. Appealing to County Court and would only reopen the hearing if we had an attorney present to advise us.

R. at 110.

The transcript of the October 14, 2005 hearing indicates that a request was made to the Board by the chairman of the Board to reconsider their decision to issue Toomey a variance. R. at 346. A Board member indicates that this request originated with the Board of Selectmen. *Id.* The chairman of the Board, on the record, admits to discussing the Toomey variance with the town manager resulting in his request that a motion be made to reconsider the issuance of that variance.[1]

The town officers, in their official capacities, are parties to this case. The appropriate procedure to follow, if the town was displeased by the Board's decision to issue Toomey a variance, was to file a timely request for reconsideration. The statute clearly states that all such requests must be filed within ten days; i.e., by October 3, 2005. The town did not file a motion or take a vote for reconsideration within the ten-day statue of limitations. The Board may not circumvent the ordinance by having the request for reconsideration come from a Board member. Even though the actual vote to vacate the variance was within the 45-day limitation, the Board abused its discretion by

---

[1] The chairman of the board stated the following at the hearing on October 14, 2005:
> I met with the town manager right out here in the parking lot, and said, I heard that there was something done at the meeting that pertains to this Board. And he said Yes. And I said, Well, in my -- in my position, I see three things we could do, that our Board could do. We can do nothing; that according to our ordinance, we can reconsider what we did; or third, we can just sit back and let you appeal. I said I preferred to reconsider it and I'm going to ask the Board if they want to.

R. at 349.

voting to reconsider the Toomey variance on October 6, 2005 and by reconsidering the variance on October 14, 2005.

## III. DECISION AND JUDGMENT

Because the court resolves this appeal on procedural grounds, it is unnecessary to discuss other issues raised by the parties.

The clerk will make the following entry as the Decision and Judgment of the court:

A. Petitioner's appeal is sustained.

B. The decision of the Board of Appeals of October 14, 2005, vacating the granting of the variance to petitioner is vacated.

C. The Board of Appeals is directed to reinstate the decision of September 23, 2005 granting petitioner's variance.

SO ORDERED.

Dated: February 7, 2007

Thomas E. Delahanty II
Justice, Superior Court

4

Date Filed  10-27-05          CUMBERLAND          Docket No.  AP-05-81
                              County

Action  80B APPEAL

TIMOTHY TOOMEY                              TOWN OF FRYE ISLAND

                              vs.

Plaintiff's Attorney                    | Defendant's Attorney

GREGORY CUNNINGHAM, ESQ.                   DAVID HIRSHON ESQ
KATE KNOX, ESQ.                            PO BOX 15060
PO BOX 9729                                PORTLAND ME 04112
PORTLAND, ME 04112-5029
774-1200

Date of
Entry