STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-16-012

ELVIN COPP and
RANDALL COPP,

     Plaintiffs

v.

TOWN OF CUMBERLAND
BOARD OF ADJUSTMENT
AND APPEALS,

     Defendant

STATE OF MAINE
Cumberland ss Clerk's Office

MAR 09 2017

RECEIVED

DECISION AND ORDER

Before the court is plaintiffs Elvin Copp and Randall Copp's Rule 80B appeal. M.R. Civ. P. 80B. Plaintiffs challenge the decision of defendant Town of Cumberland Board of Adjustment and Appeals to uphold part of a Notice of Violation issued to plaintiff by the Code Enforcement Officer for plaintiffs' failure to comply with their building permit. For the following reasons, the court concludes plaintiffs have not named the proper party defendant and the appeal is moot.

FACTS

Plaintiff Elvin Copp is the father of plaintiff Randall Copp. (R. 5 at 2:6, 21:8.) Elvin Copp owns a parcel of property located off of Pointer Way in Cumberland. (R. 1.) The property is designated on the Town's Tax Assessor Map #R-07 as Lot #57C. (Id.) Randall Copp is supervising the construction of a single-family residence on the property. (Id.; R. 8.) The construction plans are unique. They incorporate the use of a "wood-framed 'double wide' manufactured home structure" solely for its floor. (R. 2, Ex. 5; R. 5 at 16:8-20.) The rest of the structure was disassembled and removed. (Id.) The plans plaintiffs submitted to the Town of Cumberland Code Enforcement Officer (CEO) for their building permits were unclear as to

1

which parts of the manufactured home would be kept and which parts would be removed. (R. 5 at 27:4-20, 45:3-46:24, 58:11-59:25.) The CEO thought plaintiffs were going to remove only the structure's roof when he issued the permits. (R. 5 at 27:11-28:6.) He visited the property on September 24, 2015 and realized the roof and walls were removed and only the floor remained. (R. 2; R. 5 at 27:24-28:6.) Plaintiffs also added three non-functioning dormers to the roof and used construction rubble for fill without informing the CEO of those plans. (R. 2; R. 5 at 9:4-13, 31:2-8.)

PROCEDURAL HISTORY

In July 2009, plaintiffs obtained their first building permit for the residence and began construction. (R. 1.) The plaintiffs were issued a series of building permits thereafter. (R. 5 at 3:17-22; R. 8.) On May 8, 2014, the CEO issued plaintiffs the subject permit. (R. 2 at 3, Ex. 1.) On January 20, 2016, the CEO issued plaintiffs a Corrected Notice of Violation Order for Corrective Action (NOV). (R. 1.) The NOV included a description of the violations the CEO observed while at the property on September 24, 2015, a stop work order, and the corrective action plaintiffs were required to take before the Town would reissue a building permit. (Id.) The CEO found the construction did not conform with the plans plaintiffs submitted for their permit; the building permit issued on May 8, 2014 expired on November 8, 2014 because plaintiffs made no progress over the six months; and the manufactured home was demolished without the proper permits. (Id.) The stop work order prohibited all construction at the property until the Town was satisfied that the violations were corrected. (Id.) The NOV listed the required corrective action as follows:

> #1. Notify the Town of plans for this property and seek the necessary Town of Cumberland approvals as described in the Cumberland Code.
>
> #2. Submit an application for "After the Fact" approval of proposed construction

2

with plans and specifications that comply with the International Residential Building Code 2009 edition, the laws of the State of Maine and the Cumberland Code.

#3. Obtain "After the Fact" demolition permit for the removal of the manufactured office unit and provide written documentation as to how the waste was disposed. Also provide Maine DEP Notice for removal of non-residential structure.

(Id.) On January 27, 2016, plaintiffs appealed the NOV to the Town of Cumberland Board of Adjustment and Appeals (the Board). (R. 2.) In their application for appeal, plaintiffs argued their building permit had not expired, the stop work order was not the proper remedy for the alleged violations, and the NOV should be dismissed because the CEO's entrance onto the property on September 24, 2015 was illegal. (R. 2, Exs. 3, 4, 7.)

The Board heard the appeal on February 11, 2016. (R. 5.) Counsel for plaintiffs, Randall Copp, the CEO, counsel for the CEO and Town, a concerned neighbor, and the Town Manager all presented at the hearing. (Id.) After hearing from presenters, the Board voted to uphold the NOV "except for [the CEO's] finding that the permit expired [on November 8, 2014]." (Id. at 99:12-21.) On February 22, 2016, plaintiffs filed a request for reconsideration of the decision pursuant to 30-A M.R.S. § 2691(3)(F) (2016). (R. 13.) The Town's attorney sent a memorandum to the Board in opposition to the request for reconsideration. (R. 14.) On March 10, 2016, the Board heard and denied the request for reconsideration and affirmed its earlier decision. (R. 16.) Plaintiffs filed this Rule 80B appeal on March 25, 2016.[1]

---

[1] On April 25, 2016, defendant Board filed a notice of removal to the U.S. District Court for the District of Maine. Defendant sought removal because plaintiffs' complaint included counts alleging defendant violated plaintiffs' rights under the U.S. Constitution. In response, on July 7, 2016, plaintiffs voluntarily dismissed all counts except for the Rule 80B appeal. The U.S. District Court then remanded the case to this court.

3

## DISCUSSION

### 1. Standard of Review

On an 80B appeal, the court reviews the operative "decision for error of law, abuse of discretion or findings not supported by substantial evidence in the record." Veilleux v. City of Augusta, 684 A.2d 413, 415 (Me. 1996). The operative decision is that of the last decision-maker with de novo decision-making and fact-finding capacity. Mills v. Town of Eliot, 2008 ME 134, ¶¶ 13-16, 955 A.2d 258.[2] Plaintiffs "bear the burden of persuasion because they seek to vacate the Board's decision." Bizier v. Town of Turner, 2011 ME 116, ¶ 8, 32 A.3d 1048.

### A. Proper Party

The Board claims in a footnote that it is not a proper defendant in this appeal.[3] (Def.'s Br. at 4, n.2.) Plaintiffs did not contest or respond to the Board's claim.[4] A zoning board of appeals "is not a proper party to an appeal in the Superior Court from its own decision." Boothbay Harbor v. Russell, 410 A.2d 554, 559 (Me. 1980); see also Adler v. Cumberland, 623 A.2d 178, 178 n.1 (Me. 1993). The municipal officers or the CEO would be the proper defendants. Id.

The failure to bring the proper defendant requires either dismissal of the action or amendment of the complaint pursuant to M.R. Civ. P. 15. Boothbay Harbor, 410 A.2d at 561. Plaintiffs have not moved to amend their complaint, nor has the Board moved to dismiss this appeal. Rather, the board filed a brief arguing the court should affirm its decision and deny the appeal. Even if the court were to permit joinder of the proper party defendant at this point, plaintiffs would gain nothing because their claim is moot.

---

[2] Parties assert that the Board was required to conduct a de novo hearing. (Pl's' Am. Br. at 8; Def.'s Br. at 11.) The court does not reach this issue.

[3] Attorney Tibbetts represented the Town and the CEO at the hearing before the Board on February 11, 2016. (R. 5 at 33:21-34:5.) She also represents the Board in this appeal.

[4] In their reply brief, plaintiffs refer to the defendant as "respondent Town" and "the Town." (Pl's' Rep. Br. 1-2.)

4

B. Mootness

The Board argues this appeal is moot because the NOV is no longer in effect. (Def.'s Br. 4-5; Pl's' Rep. Br. 2-3.) In its brief, the Board states plaintiffs have submitted revised drawings and received approval for the demolition of the removed portions of the manufactured structure. Further, the Board states the stop work order has been lifted and plaintiffs may proceed with their revised building permits. Accordingly, there are no remaining issues under the NOV. (Def.'s Br. 4-5.) Plaintiffs do not dispute that they submitted revised building plans, obtained a demolition permit, and adhered to the Board's required action in the NOV in order to have the stop work order lifted, which was achieved. (Pl's' Rep. Br. 2-3.) See Carroll F. Look Constr. Co. v. Town of Beals, 2002 ME 128, ¶ 7, 802 A.2d 994 (Rule 80B appeal was moot because petitioner admitted the road construction project, the contract for which was the subject of his appeal, had been completed); Halfway House v. City of Portland, 670 A.2d 1377, 1380 (Me. 1996) (Rule 80B appeal was moot because after petitioner filed its appeal of city's denial of conditional use permits, the house for which petitioner sought permits was sold to a third party). Plaintiffs argue, however, that the mootness doctrine does not preclude consideration of the specific issues they raise in this appeal. (Pl's' Rep. Br. 1-3.)

"Courts can only decide cases before them that involve justiciable controversies." Lewiston Daily Sun v. School Admin. Dist. No. 43, 1999 ME 143, ¶ 12, 738 A.2d 1239. A case that lacks a justiciable controversy is considered moot. Id. ¶ 13. "An 80B appeal, like any other case, is moot 'if the passage of time and the occurrence of events deprive the litigant of an ongoing stake in the controversy although the case raised a justiciable controversy at the time the complaint was filed.'" Carroll F. Look Constr. Co., 2002 ME 128, ¶ 6, 802 A.2d 994 (quoting Halfway House, 670 A.2d at 1379-80). "An issue is moot when 'there is no real and substantial

5

controversy, admitting of specific relief through a judgment of conclusive character.'" McGettigan v. Town of Freeport, 2012 ME 28, ¶ 10, 39 A.3d 48 (quoting Anthem Health Plans of Me., Inc. v. Superintendent of Ins., 2011 ME 48, ¶ 5, 18 A.3d 824). "When determining whether a case is moot, [the court examines] 'whether there remain sufficient practical effects flowing from the resolution of the litigation to justify the application of limited judicial resources.'" Smith v. Hannaford Bros. Co., 2008 ME 8, ¶ 6, 940 A.2d 1079 (quoting Lewiston Daily Sun, 1999 ME 143, ¶ 14, 738 A.2d 1239). The court will not "decide issues that have lost their 'controversial vitality,' that is, 'when a decision by this [c]ourt would not provide an appellant any real or effective relief.'" Clark v. Hancock County Comm'rs, 2014 ME 33, ¶ 11, 87 A.3d 712 (quoting Int'l Paper Co. v. United Paperworkers Int'l Union, 551 A.2d 1356, 1360-61 (Me. 1988)).

For example, in Carroll F. Look Constr. Co., the Law Court held an 80B appeal was moot after the underlying contract had been performed because the Court could not provide the plaintiff with the relief it requested in the demand for judgment. 2002 ME 128, ¶ 7, 802 A.2d 994. Further, the Law Court stated, "In theory, the Superior Court could decide whether the contract award was lawful in the first place, but in the absence of any practical consequences, that would be a meaningless abstract decision that the mootness doctrine is intended to prevent." Id. In this case, plaintiffs complied with the decision that they appealed, and the Town has lifted the stop work order and issued plaintiffs a new permit. The demand for judgment in plaintiffs' complaint asks the court to remand this case to the Board for a new hearing. At this point, remand would not provide plaintiffs any effective relief to justify the application of limited judicial resources. See Id. ¶¶ 6-7. Plaintiffs' claim is thus moot.

Despite being moot, the court will consider claims that fall under one of three exceptions

6

to the mootness doctrine. Clark, 2014 ME 33, ¶ 13, 87 A.3d 712. The exceptions are as follows:

> (1) sufficient collateral consequences will result from the determination of the questions presented so as to justify relief; (2) the appeal contains questions of great public concern that, in the interest of providing future guidance to the bar and public, [the court] may address; or (3) the issues are capable of repetition but evade review because of their fleeting or determinate nature.

Id. (quoting Doe I v. Williams, 2013 ME 24, ¶ 19, 61 A.3d 718). Plaintiffs argue the second and third exceptions apply in this case. (Pl's' Rep. Br. 3-4.)

The court examines three criteria "[t]o determine whether an issue is important enough to come within [the public interest] exception to mootness." In re Walter R., 2004 ME 77, ¶ 12, 850 A.2d 346. For the exception to apply the issue must be public, court officials must "need an authoritative decision for future proceedings;" and there must be a "likelihood of the issue repeating itself in the future." Id. (holding the appeal came within the public interest exception because all three criteria were met). Even if the general subject of the case is of public concern, an "authoritative determination" is not appropriate when the issues are fact-specific. Clark, 2014 ME 33, ¶ 15, 87 A.3d 712. Plaintiffs argue their appeal raises multiple issues of public concern. (Pl's' Rep. Br. 3-4.) The central issues in this case, however, are whether plaintiffs' construction was consistent with detailed plans they submitted for their building permit and whether plaintiffs were required to obtain a demolition permit for disassembling most of the manufactured home. Contrary to plaintiffs' contention, the issues are fact-specific and unsuitable for an authoritative decision. See Clark, 2014 ME 33, ¶ 15, 87 A.3d 712. Moreover, it is unlikely that an authoritative decision would assist "the bench and bar in future cases." In re Walter R., 2004 ME 77, ¶ 12, 850 A.2d 346.[5] Because it is unlikely that the particular circumstances that gave rise to

---

[5] The Law Court has addressed most of the issues plaintiffs raise in their brief. See Duffy v. Town of Berwick, 2013 ME 105, ¶¶ 18-21, 82 A.3d 148 (identifying the standard for determining whether a municipal board's decision must be vacated due to ex parte communications); White v. Hollis, 589 A.2d 46, 48 (Me. 1991) (holding pursuant to 30-A M.R.S. § 2691 parties have the right to cross-examine

7

this action will be repeated, the public concern exception does not apply.

The third exception only applies if "there is a 'reasonable likelihood that the same issues will imminently and repeatedly recur in future similar contexts with serious impact upon important generalized public interests[.]'" Campaign for Sensible Transp. v. Maine Turnpike Auth., 658 A.2d 213, 215 (Me. 1995) (quoting Good Will Home Ass'n v. Erwin, 285 A.2d 374, 380 (Me. 1971)). Plaintiffs argue Lynch v. Kittery supports their argument that this appeal falls within the third exception. 473 A.2d 1277 (Me. 1984). In Lynch, the Law Court declined to dismiss Lynch's Rule 80B appeal as moot when the subject permit had already expired because the central issue could "be repeatedly presented to the Superior Court, yet escape further review . . . because of [its] fleeting or determinate nature." Id. at 1279. However, Lynch is distinguishable from this appeal because in Lynch the statutory expiration date for the permit was the first day of the following year. Id. at 1279 n.2. As a result, the permit Lynch applied for in 1982 would have expired before the Superior Court heard the case and the permit he applied for in 1983 would have expired before the Law Court considered the appeal. Id. at 1278-79. Absent an exception to the mootness doctrine, the claims would have continually evaded review by the Law Court because of the permit's determinate life span. Id. Moreover, the Court did not address the above referenced "reasonable likelihood" standard in Lynch. Id. Because plaintiffs have not shown there is a reasonable likelihood the issues in this case will be repeated, this exception does not apply.

---

witnesses "for a full and true disclosure of the facts" at an municipal board of appeals hearing); Carroll v. Town of Rockport, 2003 ME 135, ¶ 26, 837 A.2d 148 (stating pursuant to 30-A M.R.S. § 2691(3)(E) "decisions by local boards of appeal 'must include a statement of findings and conclusions, as well as the reasons or basis for the findings and conclusions, upon all the material issues of fact, law or discretion presented . . . .'"); Gensheimer v. Town of Phippsburg, 2005 ME 22, ¶¶ 6-16, 868 A.2d 161 (discussing whether a board of appeals is required to undertake de novo or appellate review).

CONCLUSION

The Board is not the proper defendant in this appeal of its own decision and plaintiffs have not sought permission to join the proper defendant. Even if plaintiffs had joined the proper defendant, the court can no longer provide plaintiffs with any real or effective relief. Plaintiffs have fully complied with the Board's decision and their claim moot.

The entry is

> The February 11, 2016 Decision of the Town of Cumberland Board of Adjustment and Appeals is SUSTAINED.

Date: March 9, 2017

Nancy Mills
Justice, Superior Court

9

Date Filed: 03/25/2016  <u>CUMBERLAND</u>
COUNTY

<u>Action: 80B APPEAL</u>

ELVIN COPP
RANDALL COPP

TOWN OF CUMBERLAND
BOARD OF ADJUSTMENT
AND APPEALS

vs.

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|

Plaintiff's Attorney

JEFFREY BENNETT, ESQ
JOAN EGDALL, ESQ.
LEGAL EASE, LLC.
198 MAINE MALL ROAD
SOUTH PORTLAND, ME. 04106

Defendant's Attorney

JOHN J WALL III ESQ
95 EXCHANGE STREET
PO BOX 7046
PORTLAND MAINE  04112

ALYSSA TIBBETTS ESQ
NATALIE BURNS ESQ
PO BOX 4510
PORTLAND ME 04112