'CHARLES W. HOWARD *vs.* MAINE INDUSTRIAL SCHOOL FOR GIRLS.

Kennebec.    Opinion April 16, 1886.

*Contracts. Bids. Building committee.*

_A mere bid in answer to an advertisement for proposals for building does not constitute a contract.

A conditional acceptance, such as requiring a bond, delays the completion of the contract until the condition is complied with.

Where one party, as a corporation, acts through a building committee, a majority of the committee must concur in making any contract, or in varying one already made.

ON report from the superior court.

The case is sufficiently stated in the opinion.

*Bean and Beune*, for the plaintiff.

It may be argued that the vote of the committee requiring a bond was not complied with. If so, we contend, the published proposals and specifications called for no bond. The vote of the committee was after the agreement was completed — after the award was made.

Defendant's pleading sets up the statute of frauds; but this contract was for the erection of a building and that statute does not apply. *Hight* v. *Ripley*, 19 Maine, 137; *Abbott* v. *Gilchrist*, 38 Maine, 260; *Crockett* v. *Scribner*, 64 Maine, 447; *Towers* v. *Osmond*, 2 Stra. 506; *Crookshank* v. *Burrell*, 18 Johns. 58; *Mixer* v. *Howarth*, 21 Pick. 205.

*H. M. Heath*, for the defendant, cited: 53 Maine, 20; 53 Maine, 511; 63 Maine, 167; *Marshall* v. *Jones*, 11 Maine, 54; 59 Maine, 483; 36 Maine, 516; 43 Maine, 180; 16 Maine, 215; *Stoughton* v. *Baker*, 4 Mass. 522; *Kupfer* v. *So. Parish*, 12 Mass. 185; *Boylston Market* v. *Boston*, 113 Mass. 528; *Topping* v. *Swords*, 1 E. D. Smith, 609.

EMERY, J. The plaintiff's declaration briefly stated is, that he made a valid contract with the defendant corporation to furnish the mason work and material on a new school building for twenty-four hundred dollars and that the defendant prevented his going on under the contract after he had incurred expense on account thereof.

From the report of the evidence, we gather the following facts.

The Board of Managers of the defendant corporation, at a meeting held June 19, 1884, voted to proceed to build a new school building, and appointed a committee of five to advertise for proposals, and to take the necessary measures for such

erection. This committee, all five acting, advertised for proposals for furnishing the labor and materials required, according to plans, specifications, etc. In answer to said advertisement, the following written proposal was sent in to the committee. The Howard named in the proposal was the plaintiff.

"Hallowell September 20, 1884.

To the Building Committee of Industrial School.

We propose to put up the superstructure of said building as per plans and specifications or instructions of your architect, E. E. Lewis, of Gardiner, Maine, for the sum of forty-five hundred and fifty dollars.       John Hall, Carpenter.

Howard & Church, Masons."

On the same day, September 20, the building committee had a meeting, with three members present. They opened the bids and found the above bid to be the lowest. The record of the meeting then proceeds as follows.

"And the contract was awarded to Hall, Howard and Church, for $4525.

"Voted. That the committee require a bond from the contractors to the amount of contract, for fulfillment; also forfeiture for delay in completing the work."

The same evening, the plaintiff met Mr. Rowell, one of the building committee, and asked him "who got the job," and was answered, "Hall, Howard and Church."

It is evident, that up to this point, there was no such contract between plaintiff and defendant as is stated in the declaration. The committee's advertising for bids was not an offer. They merely asked for offers. They did not agree to accept any. The first offer in the case was a joint one by Hall, Howard and Church. Even this was not accepted unconditionally. The committee required a bond, which was never tendered by the proposers. There was as yet no mutual assent. *Jenness* v. *Mount Hope Iron Co.* 53 Maine, 20; *Maynard* v. *Tabor*, 53 Maine, 511; *Cumberland Bone Co.* v. *Atwood Lead Co.* 63 Maine, 167. It is also evident, that the negotiations thus far were not with the plaintiff alone, but with Hall, Howard and Church. It was the joint offer of the three, the committee

proposed to accept, if a bond was furnished. *Non constat* that they would ever have accepted the plaintiff's single offer for mason work and material alone.

So far then, the proof does not sustain the declaration. But the plaintiff urges, that subsequent oral negotiations took place, in which it was agreed, that he should alone furnish the mason work and materials for $2400. His own testimony however shows that he never had any talk with three of the committee, and that a fourth member, Mr. Nash, refused to negotiate with him alone, but demanded a contract, which should include Church at least, and also insisted on a bond. The only member of the committee, who made any subsequent talk with the plaintiff was Mr. Rowell, and the evidence is conflicting as to what was said by him. We do not find however from the evidence, that any other member ever assented to any change in the committee vote of September twentieth. We do not find any previous authority for, nor any subsequent ratification of the parol arrangements claimed by plaintiff to have been made with Rowell. The concurrence of a majority of the committee was essential for making a contract binding on the defendant. *Adams* v. *Hill*, 16 Maine, 215; *Hanson* v. *Dexter*, 36 Maine, 516; *Asylum* v. *Johnson*, 43 Maine, 180; *Curtis* v. *Portland*, 59 Maine, 483. The evidence does not show any such concurrence.

*Plaintiff nonsuit.*

PETERS, C. J., WALTON, DANFORTH, LIBBEY and FOSTER, JJ., concurred.