STATE EX REL. PEOPLE'S LAND AND MANUFACTURING COM-
PANY, Appellant, vs. HOLT, Mayor, and others, Re-
spondents.

*May 1—May 21, 1907.*

*Municipal corporations: Letting of contracts:* Mandamus.

1. Under a city charter providing that "all work for the city shall
   be let by contract to the lowest reasonable responsible bidder,"
   but giving to the common council all the usual authority and
   duty to consider and control questions of policy in municipal
   affairs, *mandamus* will not lie to compel the council to let a
   contract for street lighting to the lowest bidder, where the right
   to reject any or all bids was expressly reserved and it is not
   shown that the council has decided that the streets shall be
   lighted or, if so, by what means, or has decided other questions
   of policy involved in contracting for such lighting.

[2. Whether a mere bidder could, in any event, invoke the remedy
   by *mandamus* to compel the council to perform a duty imposed
   by law for the welfare of the public and not for the protection
   of would-be contractors, is not determined.]

APPEAL from a judgment of the circuit court for Oconto
county: S. D. HASTINGS, Circuit Judge. *Affirmed.*

Application for *mandamus* to command the respondents, as
mayor and aldermen of the city of Oconto, that they award
contract for electric lights and lighting to the relator accord-
ing to the terms of notice for bids and the bid of the relator
as submitted at a council meeting held May 1, 1906. The
application asserted that the city of Oconto exists under a
special charter (ch. 56, Laws of 1882) ; that the respondent
*Holt* is mayor and the other respondents are the aldermen of
said city; that in December, 1905, a former contract, origi-
nally made with *W. A. Holt,* present mayor, but afterwards
assigned to W. A. Young, for the supply of certain arc lights
for street lighting and certain other lighting for public build-
ings, being about to expire, a resolution was adopted that the
mayor and clerk advertise for bids for furnishing fifty arc

lights, more or less, whereupon notice was published and two bids received, one from said Young and the other from the relator, differing somewhat in terms, but the former making a price of $75 and the latter of $50 for arc lights. On January 2, 1906, the council voted to reject all bids and re-advertise upon slightly more specification. Re-advertisement was made and bids again presented by the same parties, the relator bidding $55 as against $60 by its competitor. The council voted to accept the relator's bid, which resolution was vetoed by the mayor for reasons stated, such as the necessity of a bond and inadequate description of the lights to be furnished. Whereupon it was again resolved to advertise for bids embodying further specifications and meeting the grounds of objection raised by the mayor in his veto. To this only Mr. Young's company responded with a bid, which on April 3d was rejected, with directions to the clerk to re-advertise. Whereupon another advertisement was made, reserving the right to reject any and all bids, and on May 1st bids were submitted by Mr. Young's company and by the relator, differing somewhat in details and description of services to be performed, but the former naming $60 as the price for arc lights and the latter $50. Motion to accept relator's bid was amended into a resolution to reject all bids and re-advertise, and, as so amended, was adopted by a vote of six aldermen each way, the mayor voting in the affirmative. The relator made some attempt to allege that the mayor, *Holt,* directly or indirectly, derived some financial benefit from Mr. Young's company; that some of the aldermen were actuated by ill-will towards officers of the relator's company, and wilfully, arbitrarily, and without reasonable cause repeatedly rejected all bids without assigning any cause therefor. It is also made to appear that the charter contains a provision: "All work for the city or either ward thereof . . . shall be let by contract to the lowest reasonable responsible bidder." No statement as to relator's responsibility or ability to perform

the contract is made, except that it possesses a franchise to furnish electric lighting.

Alternative writ being issued, a motion to quash was made, which motion was granted on grounds of general insufficiency to entitle the relator to the relief, and, relator having announced that it did not desire to amend, the proceedings were dismissed with costs in favor of the respondents, from which judgment or order relator appeals.

*V. J. O'Kelliher,* for the appellant, cited *Harlem G. Co. v. Mayor,* 33 N. Y. 309; *Boren v. Darke Co.* 21 Ohio St. 311; *People ex rel. Mathews v. Buffalo,* 5 Misc. 36; *People ex rel. Putnam v. Buffalo Co.* 4 Neb. 150, 161; *Follmer v. Nuckolls Co.* 6 Neb. 204; *Merrick Co. v. Batty,* 10 Neb. 176; *People ex rel. Vickerman v. Contracting Board,* 46 Barb. 254; *State ex rel. Fourth Nat. Bank v. Johnson,* 103 Wis. 591, 623; *Chippewa B. Co. v. Durand,* 122 Wis. 85; *Wood v. Strother,* 76 Cal. 545; *Stockton & V. R. Co. v. Stockton,* 51 Cal. 328, 339; *Ex parte Bradley,* 7 Wall. 364, 377; *Hoole v. Kinkead,* 16 Nev. 217; *State ex rel. Conger v. Middlesex Co.* 55 N. J. Law, 112, 25 Atl. 275; *In re Johnson,* 156 Pa. St. 322, 26 Atl. 1066; *Zanone v. Mound City,* 103 Ill. 552; *Brady v. Bartlett,* 56 Cal. 350; *State ex rel. W. D. P. Co. v. Cornell,* 52 Neb. 25, 71 N. W. 961; *People ex rel. Coughlin v. Gleason,* 121 N. Y. 631; *State ex rel. Buchanan v. Kellogg,* 95 Wis. 672.

For the respondents there was a brief by *P. H. Lynch,* city attorney, and *A. V. Classon* and *Greene, Fairchild, North & Parker,* of counsel, and oral argument by *J. R. North.* To the point that *mandamus* will not lie to compel the council to accept relator's bid, they cited *State ex rel. Lord v. Washington Co.* 2 Pin. 552, 555; *State ex rel. Kane v. Larrabee,* 3 Pin. 166; *State ex rel. Spaulding v. Elwood,* 11 Wis. 17; *State ex rel. Pfister v. Manitowoc,* 52 Wis. 423; *State ex rel. O'Donnell v. Benzenberg,* 108 Wis. 435, 438; *State ex rel. Carpenter v. Hastings,* 10 Wis. 518; *Anderson v. Public*

*Schools,* 122 Mo. 61, 26 L. R. A. 707, and cases in notes; *Comm. ex rel. Snyder v. Mitchell,* 82 Pa. St. 343, 350; *Grant v. Detroit,* 91 Mich. 274; *People ex rel. Bullard v. Contracting Board,* 33 N. Y. 382; *People ex rel. McKown v. Green,* 50 How. Pr. 500, 503; *State ex rel. Irondale C. P. & I. Co. v. New Orleans,* 48 La. Ann. 643; *State ex rel. Phelan v. Board of Ed.* 24 Wis. 683; *Milwaukee v. State ex rel. News Pub. Co.* 97 Wis. 437.

DODGE, J. Of course the relator has no contract right resulting from its tendering bid in response to notice expressly reserving right to reject any or all bids. 1 Page, Cont. § 26; *Topping v. Swords,* 1 E. D. Smith, 609; *Howard v. Maine Ind. School,* 78 Me. 230, 3 Atl. 657; *Leskie v. Haseltine,* 155 Pa. St. 98, 25 Atl. 886; *Anderson v. Public Schools,* 122 Mo. 61, 27 S. W. 610. Hence, if the recipient of the bids were a private individual, any attempt to predicate rights upon such transaction must fail. Relator contends, however, that a clear public duty is imposed by law upon the respondents to enter into contract with the lowest bidder, and therefore *mandamus* should issue to compel such action. There is much authority against the right of a mere bidder to invoke such remedy, since the respondents' duty imposed by law, whatever it is, is so imposed for the welfare of the public and not for protection of the would-be contractor. *State ex rel. Phelan v. Board of Ed.* 24 Wis. 683; *People ex rel. Belden v. Contracting Board,* 27 N. Y. 378, 382.

Passing such question, however, is there any clear public duty whatever imposed by law upon the common council to enter into a contract for street lighting with the relator? The only provision suggested is that "all work for the city . . . shall be let by contract to the lowest reasonable responsible bidder." Sec. 1, subch. XIV, ch. 56, Laws of 1882. But this is contained in a charter which confers upon the common council all the usual authority and duty to consider and control questions of policy in municipal affairs. Among these

questions is that of street lighting; whether the streets shall be lighted at all; what expense can properly be incurred for such purpose; what means shall be employed; whether desired results can best be accomplished by contract or by municipal agency, and many other details. In considering and deciding such subjects the common council is within its legislative function where courts neither will nor can guide or control it. *State ex rel. Rose v. Superior Court,* 105 Wis. 651, 81 N. W. 1046; *State ex rel. Att'y Gen. v. Frost,* 113 Wis. 623, 655, 88 N. W. 912, 89 N. W. 915; *Madden v. Kinney,* 116 Wis. 561, 569, 93 N. W. 535; *Tilly v. Mitchell & L. Co.* 121 Wis. 1, 10, 98 N. W. 969; *Harley v. Lindemann,* 129 Wis. 514, 109 N. W. 570; *People ex rel. Ackley v. Croton Aq. Board,* 49 Barb. 259; *Grant v. Common Council,* 91 Mich. 274, 91 N. W. 997. So far as appears by the relation, none of these questions of policy have yet been decided. The taking of bids upon any one of several plans may well be merely to acquire information as to feasibility or cost of that plan as a basis for intelligent decision whether that or some other is most for the public good. The council, having ascertained the price at which it can obtain arc lights by contract, owes to the public the duty to consider whether some other type of lights or of illumination may not be for public benefit; also whether the city might not better install its own lighting plant. If the present application for imperative *mandamus* were granted, all these questions of policy, for three years at least, would be foreclosed. The court would have decided upon that which the constitution places within control of the legislature. This we cannot do, nor can we inquire into the motives which actuate legislators in the performance of their functions as such.

For these reasons there is obviously as yet no clear duty imposed upon the council by law to make contract at all, hence, of course, none to enter into one with the relator, however obvious the want of authority to contract with any other bidder.

*By the Court.*—Judgment affirmed.