NORTHWEST DISPOSAL COMPANY *et al.*, Plaintiff-Appellant, *v.* THE VILLAGE OF FOX LAKE *et al.*, Defendants-Appellees.

Second District No. 82—970

Opinion filed November 10, 1983.

John T. Jursich, of Waukegan, for appellant.

Henry E. Mueller, of Ancel, Glink, Diamond, Murphy & Cope, of Chicago, and Sofietti, Johnson & Teegen, of Fox Lake, for appellees.

PRESIDING JUSTICE SEIDENFELD delivered the opinion of the court:

Northwest Disposal Company, a partnership, and its individual partners (Northwest) sought a declaratory judgment and injunctive relief against the village of Fox Lake and its trustees. Northwest alleged in its amended complaint that although qualified and the lowest bidder, it was denied a contract for garbage disposal. Count I of the complaint sought to void the contract which the village entered into with a competitor as an alleged violation of its own ordinance; count II sought a mandatory injunction to award the contract to Northwest based on count I; and count III sought relief based upon deprivation of constitutional rights under 42 U.S.C. sec. 1983 (Supp. III 1979). On defendants' motion, counts II and III were dismissed with language of appealability added to the order. Northwest appeals solely from the order dismissing count III.

In count III, Northwest alleged that it entered a sealed bid, in accordance with published notice, for a four-year contract for garbage pickup and disposal from the village and that it did so pursuant to the specifications obtained from the village. It alleged that its bid of $12,092.56 per month was lower than $13,520.70, the bid of H.O.D. Disposal, to whom the contract was awarded. The complaint further alleged that Northwest is a responsible bidder with extensive experience in the area and that it had complied with all of the specifications entitling it to the award under the Fox Lake ordinance which required that the contract be given to the "lowest responsible bidder." It then alleged that H.O.D. was not the lowest responsible bidder and

that the award therefore violated the plaintiff's constitutional rights in that it denied a business opportunity to the plaintiff based on discriminatory practices; that it perpetuated a long-standing practice in the village by accommodating "friends" of the village, irrespective of whether or not they were the lowest responsible bidder; that the village failed to inquire into the ability of the plaintiffs; that it denied the right of the plaintiffs to address the board of trustees of the village on the subject matter of responsibility; and that it manipulated the rules of order for that purpose. Under the complaint Northwest sought $70,000 in compensatory damages and $1,000,000 in punitive damages against the village and its trustees and officers in their respective capacities.

I

Section 1983 of the United States Code Title 42 provides:
"Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. ***" 42 U.S.C. sec. 1983 (Supp. III 1979).
■■ In support of its claim under this section Northwest first alleges that the village violated its rights under the fourteenth amendment of the United States Constitution and similar provisions of the Illinois Constitution proscribing deprivation of property without due process of law. To prevail on a section 1983 claim Northwest was required first to establish that, based on State statutory provisions and customs, it possessed "a legitimate claim of entitlement" that was infringed by defendants. (*Board of Regents v. Roth* (1972), 408 U.S. 564, 577, 33 L. Ed. 2d 548, 561, 92 S. Ct. 2701, 2709.) In *Roth* the court noted that procedural due process under the fourteenth amendment does not create property interests but is a safeguard of the security of interests that a person has already acquired in specific benefits (*Board of Regents v. Roth* (1972), 408 U.S. 564, 577, 33 L. Ed. 2d 548, 561, 92 S. Ct. 2701, 2708-09), and further noted that an abstract need or desire or a unilateral expectation does not establish a "property interest in a benefit" (*Board of Regents v. Roth* (1972), 408 U.S. 564, 577, 33 L. Ed. 2d 548, 561, 92 S. Ct. 2701, 2709). In the present case, Northwest contends that the protected interest of which it was de-

prived was a property right to have the garbage disposal contract awarded in accordance with the requirements and specifications of the village's ordinances and State law, particularly under the provision that the award shall be made to the "lowest responsible bidder" as set forth in the Fox Lake ordinance and the further provision that any contract entered into in violation of that provision would be held null and void.

There is, however, no property interest in the adherence by the village to the procedures outlined in the ordinance; if there is a protected interest, it must be found in the benefit, that is, the award of the contract. (*Three Rivers Cablevision, Inc. v. City of Pittsburg* (W.D. Pa. 1980), 502 F. Supp. 1118, 1128-29.) The Seventh Circuit Court of Appeals has held that if a State agency does not have laws requiring the award of a contract to the low bidder, or if the laws are not enforced because of "political considerations," the constitution is not thereby violated. (*LaFalce v. Houston* (7th Cir. 1983), 712 F.2d 292, 294.) Although not in the context of a section 1983 claim, both the Illinois Supreme Court and the Seventh Circuit have held that parties dealing with a State agency have no legally protected property interest in bidding for the sale of goods and services to the State. The specification of a competitor's product and the exclusion of another bidder does not infringe a property interest so as to entitle an unsuccessful bidder to a due process hearing to determine whether the State action in specifying a competitor's product had a rational basis. See *Coyne-Delany Co. v. Capital Development Board* (7th Cir. 1980), 616 F.2d 341, 343; *Polyvend, Inc. v. Puckorius* (1979), 77 Ill. 2d 287, 294-96, *appeal dismissed* (1980), 444 U.S. 1062, 62 L. Ed. 2d 744, 100 S. Ct. 1001.

Northwest places its principal reliance on the case of *Three Rivers Cablevision, Inc. v. City of Pittsburg* (W.D. Pa. 1980), 502 F. Supp. 1118. In *Three Rivers* the district court concluded that under the fourteenth amendment a due process interest in benefits sought to be obtained in the awarding of a contract "may arise out of the very provisions regulating their disbursement." 502 F. Supp. 1118, 1129.

Thus, *Three Rivers* concluded that the interest of the lowest responsible bidder in compliance with the specifications to be awarded the contract was a property right and that the possessor was entitled to the nonarbitrary exercise of the city's discretion in making the award; thus, the deprivation of the benefit in the protected property interest without due process could be an actionable wrong. (501 F. Supp. 1118, 1131.) It notes that its conclusion was contrary to the holding of the Northern District of Illinois in *Estey Corp. v. Matzke*

(N.D. Ill. 1976), 431 F. Supp. 468. (502 F. Supp. 1118, 1132 n. 15.) In *Estey* the court concluded that the losing bidder on a State contract had no property interest in the award of the contract. (431 F. Supp. 468, 470.) In *Three Rivers*, the district court concluded, however, that in the circumstances of its case the interest was of "relatively narrow dimension." 502 F. Supp. 1118, 1131.

In a subsequent case, *Kendrick v. City Council* (S.D. Ga. 1981), 516 F. Supp. 1134, the court concluded that it was pertinent to an understanding of the rationale in *Three Rivers* to review the allegations of the *Three Rivers* complaint. The plaintiff there alleged that its competitor, which was eventually awarded the contract, failed in a significant and material respect to comply with bid requirements of the city ordinance, and thereafter met privately with certain officials for the purpose of amending the bid deficiencies. *Kendrick* concluded that the *Three Rivers* rationale required the factual allegations that there was (1) a regulated bidding procedure, (2) material compliance with the procedure by the unsuccessful bidder, and (3) material and significant noncompliance with the procedure by the successful bidder. (516 F. Supp. 1134, 1139.) The *Kendrick* court noted that in its case, contrary to *Three Rivers*, there was no showing that the previous competitor had failed to conform with the "rules or understandings" of the bidding procedure and no evidence of any material deviation from the prescribed bidding procedure. While the bid was not the lowest bid submitted, the court nonetheless found that the municipality was not bound by any rule or law to accept the lowest bid "when perceived countervailing considerations were presented." (516 F. Supp. 1134, 1139.) The court noted that the city had undertaken an investigation of the prospective bidders, held a hearing on the comparative qualifications of the services and afforded the losing bidder a fair opportunity to present its case. It further noted that "even if the City Council had not acted within the bounds of its discretionary authority, such a breach would not, by itself, amount to a deprivation of a protected property interest, since plaintiff has no property interest in the City Council procedure." 516 F. Supp. 1134, 1139.

■■ Northwest has argued that the allegations which take this case out of *Kendrick* and align it more closely with *Three Rivers* are the refusal by the village to inquire into the ability of Northwest and the denial of the right to address the board on the subject of responsibility. This, of course, would not show that the winning bidder had failed to comply with the bidding procedure, a showing necessary to create even the limited property interest afforded procedural due process protection in *Three Rivers*.

■ The fact situation before us in this case is unlike that in *Three Rivers*. There, all of the initial bids were rejected by the city and upon the second submission of bids, the winning bidder, Warner Communications, was allegedly materially deficient with respect to some of the specifications and Three Rivers was allegedly in compliance with all bidding requirements and specifications. Further, the city employees had been admonishing all bidders that no amendments were permitted; it was alleged that municipal employees nevertheless held meetings with Warner to provide an unfair advantage and to advise Warner on corrections that needed to be made in its bid, and subsequently Warner was allowed to correct some bidding deficiency. Here, as in *Kendrick*, Northwest has failed to plead that the successful bidder in any way failed to comply with the requirements and procedures of the bidding process. While the bid accepted was not the lowest bid submitted, the village board has the discretion to determine who is the "lowest responsible bidder" and it need not be the lowest bidder in terms of contract price, the presumption being that the decision of the board is regular and valid. (*Hallett v. City of Elgin* (1912), 254 Ill. 343, 349-50; *Oscar George Electric Co. v. Metropolitan Fair & Exposition Authority* (1982), 104 Ill. App. 3d 957, 963-64.) The claim that a State law or an ordinance of a municipality has been violated states no cause of action under section 1983; a violation of the Federal Constitution or laws is the requirement. *Ream v. Handley* (7th Cir. 1966), 359 F.2d 728, 731.

We recognize the very limited due process right for unsuccessful bidders as established under the rationale of *Three Rivers*.

■ ■ The complaint, however, has not stated the limited due process right essential to a cause of action under section 1983. In the absence of facts alleging that H.O.D., the successful bidder, failed to meet the qualifications under the bidding procedure, no cause of action has been stated nor can be stated which would entitle plaintiff to relief under count III. A complaint will not be dismissed for failure to plead a cause of action unless it appears that a party could not recover under any facts which could be proved under the pleadings. See, *e.g., Wilczynski v. Goodman* (1979), 73 Ill. App. 3d 51, 54.

The judgment of the circuit court of Lake County dismissing count III of plaintiff's amended complaint is affirmed.

Affirmed.

REINHARD and HOPF, JJ., concur.