**Arthur CHEVALIER, et al.**

v.

**TOWN OF SANFORD.**

Supreme Judicial Court of Maine.

Argued May 3, 1984.

Decided May 24, 1984.

Bourque & Clegg, Ronald D. Bourque (orally), Sanford, for plaintiffs.

Titcomb, Fenderson & Knight, Edward J. Titcomb (orally), Sanford, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, WATHEN, GLASSMAN and SCOLNIK, JJ.

SCOLNIK, Justice.

The plaintiffs, Arthur and Arline Chevalier, appeal from a summary judgment of the Superior Court (York County) for the defendant, Town of Sanford. The Superior Court held that the advertisement[1] placed by the defendant for bids on a parcel of town-owned property was a request for offers and not an offer obliging the defendant to accept the highest bid. We agree and affirm the judgment.

The rules governing bidding are analogous to the rules governing auction

---

1. The advertisement provided:

NOTICE OF BIDS ON TOWN-OWNED PROPERTY

The Town of Sanford will accept bids until 4 p.m. June 13th for the sale of the following property by quit claim deed: that property being Oak Street Extension lying between the northeasterly side of Riverside Avenue and # 1 Pond—said property being approximately 40′ × 125′.

All bids should be mailed to David Y. Miller, Town Administrator, 267 Main Street, Sanford, Maine 04073.

sales. *Restatement (Second) of Contracts* § 27 comment c (Tent. Draft Nos. 1–7, 1973); 1 A. Corbin, *A Comprehensive Treatise on the Working Rules of Contract Law* § 24 (1963); 1 S. Williston, *A Treatise on the Law of Contracts* § 31 (3d ed. 1957). 11 M.R.S.A. § 2–328 (1964) regarding the sale of goods by auction, provides in pertinent part:

> (3) [A] sale [by auction] is with reserve unless the goods are in explicit terms put up without reserve. In an auction with reserve, the auctioneer may withdraw the goods at any time until he announces completion of the sale. In an auction without reserve, after the auctioneer calls for bids on an article or lot, that article or lot cannot be withdrawn unless no bid is made within a reasonable time.

The advertisement in the present case did not expressly state that the forthcoming sale was without reserve nor did it contain any language subject to the interpretation that the right to reject any and all bids was not reserved. Applying section 2–328 by analogy to the sale of real estate, *cf. Forbes v. Wells Beach Casino, Inc.*, 307 A.2d 210, 217 (Me.1973) (applying to offer of sale of real property rule that an offer to sell goods, although it does not specify a price, in certain circumstances, can be accepted by the purchaser's bid), we conclude that the sale here was with reserve. The defendant thus was under no obligation to accept the plaintiffs' bid. The Superior Court was correct in finding no genuine issue as to any material fact and in ordering summary judgment for the defendant. *See* M.R.Civ.P. 56(c).

The entry is:

Judgment affirmed.

All concurring.