2002 ME 128

# CARROLL F. LOOK CONSTRUCTION CO., INC.

v.

# TOWN OF BEALS

Supreme Judicial Court of Maine.

Argued: March 7, 2002.
Decided: Aug. 5, 2002.

Ralph A. Dyer, (orally), Portland, for the plaintiff.

Wayne R. Foote, (orally), Foote & Temple, Bangor, for the defendant.

Panel: SAUFLEY, C.J., and CLIFFORD, RUDMAN, DANA, ALEXANDER, and CALKINS, JJ.

CALKINS, J.

[¶ 1] Carroll F. Look Construction Co., Inc. (Look), appeals from a judgment entered in Superior Court (Washington County, *Hjelm* and *Gorman, JJ.*) dismissing its complaint against the Town of Beals for lack of subject-matter jurisdiction and failure to state a claim. Look contends on appeal that it has a cause of action for the Town's failure to award a federally-funded construction contract to Look as the lowest bidder. We dismiss the appeal in part as moot and otherwise affirm the judgment.

## I. BACKGROUND

[¶ 2] In July 2000, the Town requested sealed bids for a road reconstruction project funded primarily by a grant from the Federal Emergency Management Agency (FEMA) to the Maine Emergency Management Agency (MEMA) and a sub-grant from MEMA to the Town. Look submitted a bid of $86,076.76. The Town rejected that bid and awarded the contract to Carver Construction, Inc., which had bid

$91,960.00. Look protested and requested that it be awarded the contract as the lowest responsible bidder. The Town denied the protest.

[¶ 3] Look filed a complaint in four counts in which it sought (1) reversal of the Town's decision pursuant to M.R. Civ. P. 80B; (2) a declaratory judgment; (3) damages for breach of contract; and (4) an injunction to preserve the status quo. Following a hearing on Look's motion for trial of the facts pursuant to Rule 80B(d), the Town moved to dismiss the Rule 80B count for lack of subject-matter jurisdiction. Look did not file an objection to the motion to dismiss, but it moved to file an amended complaint that alleged new facts, deleted the requests for declaratory judgment and injunction, and added federal and state civil rights claims against the Town and its three selectmen.

[¶ 4] The court (*Hjelm, J.*) granted the Town's motion to dismiss the Rule 80B claim of the original complaint for lack of jurisdiction and due to Look's procedural default. The court dismissed the injunction claim as moot. The Town opposed Look's motion to amend the complaint and moved to dismiss the remaining counts of the original complaint. Thereafter, the court (*Gorman, J.*) granted the motion to amend but dismissed all counts of the amended complaint.

## II. MOOTNESS OF THE 80B APPEAL

■ [¶ 5] Look admitted in the Superior Court that the request for injunctive relief was moot because the road reconstruction project had been completed. Look had not pressed its claim for a preliminary injunction that could have preserved the status quo. The court relied on Look's admission of mootness in dismissing the claim for an injunction.

■ [¶ 6] An 80B appeal, like any other case, is moot "if the passage of time and the occurrence of events deprive the litigant of an ongoing stake in the controversy although the case raised a justiciable controversy at the time the complaint was filed." *Halfway House, Inc. v. City of Portland,* 670 A.2d 1377, 1379–80 (Me. 1996). In reviewing for mootness we examine the record to determine if sufficient practical effects can flow from the litigation to justify the use of limited judicial resources. *Id.* at 1380. We have recognized three exceptions to the mootness doctrine for issues that (1) have sufficient collateral consequences; (2) are of great public concern; or (3) are capable of repetition but evade review. *Monroe v. Town of Gray,* 1999 ME 190, ¶ 5, 743 A.2d 1257, 1258–59.

[¶ 7] The 80B count of the amended complaint demanded a judgment against the Town and requested that the contract between the Town and Carver be declared void and vacated on the ground that the Town's action was arbitrary, capricious, and an abuse of discretion. Given Look's admission that the construction contract has been performed, its 80B claim is moot. It is now impossible for a court to vacate, void, or reverse the contract award to Carver and award the contract to Look. In theory, the Superior Court could decide whether the contract award was lawful in the first place, but in the absence of any practical consequences, that would be a meaningless abstract decision that the mootness doctrine is intended to prevent. The three mootness exceptions do not apply: no collateral consequences are evident, the issue is not of great public importance, and there is no indication that it is likely to recur. *See Globe Air, Inc. v. Thurston,* 438 A.2d 884, 887 (Me.1981) (unsuccessful bidder's action challenging award of State contract moot after contract awarded and work performed, and mootness exceptions did not apply). We

therefore dismiss as moot Look's appeal of the Rule 80B dismissal.

### III. BREACH OF CONTRACT CLAIM

■ [¶ 8] The court correctly dismissed Look's breach of contract claim for failure to state a claim upon which relief could be granted. Look's allegations of a contract are not consistent: one paragraph in the amended complaint stated that the Town's published request for bids was an offer, but instead of alleging that Look's bid was an acceptance, another paragraph suggested that the contract was formed when the Town accepted Look's offer. Although the theory of the amended complaint was that Look made an offer and the Town accepted it, on the undisputed facts, the Town did not accept Look's offer.

■ [¶ 9] On appeal, Look seems to rely more on the theory pled by its original complaint, that the Town made an offer and Look accepted it. The general rule, however, is that an advertisement soliciting bids is not an offer but only a request for offers that may be accepted or rejected.[1] *Chevalier v. Town of Sanford,* 475 A.2d 1148, 1149 (Me.1984); *Howard v. Me. Indus. Sch.,* 78 Me. 230, 232, 3 A. 657, 658 (1886). Look contends that this contract is an exception to the general rule because it is a governmental contract that must be awarded to the lowest responsible bidder. Look cites to 44 C.F.R. § 13.36(d)(2)(ii)(D) (2001), which provides that when a FEMA

subgrantee uses the sealed bid process, as in this case, it is required to award the contract to the lowest bidder.[2] However, the FEMA regulation, which says nothing about offer and acceptance, does not provide an exception to the general rule that a solicitation to bid is only a request for offers, not an offer itself. In this case the advertisement expressly stated that the Town "reserves the right to accept or reject any and all bids." Those words clearly demonstrated that the advertisement was a request for offers. No contract was formed when Look submitted its bid, and it failed to state a claim for breach of contract.

### IV. CIVIL RIGHTS CLAIMS

■ [¶ 10] Look's amended complaint contains a claim for damages under 42 U.S.C. § 1983, alleging that the Town and its selectmen deprived it of a protected property interest without due process of law. It also includes a claim under the Maine Civil Rights Act, 5 M.R.S.A. § 4682 (2002), of a denial of due process in violation of article I, section 6–A of the Maine Constitution.

■ [¶ 11] Look has not specified whether it has been denied procedural or substantive due process, but a necessary predicate for either is a cognizable property interest. *Bd. of Regents v. Roth,* 408 U.S. 564, 577, 92 S.Ct. 2701, 33 L.Ed.2d

---

1. The Restatement provides:

   Governmental agencies ... often advertise for bids from construction contractors .... It may be customary or required by law that the contract be awarded to the lowest responsible bidder whose bid conforms to published specifications.... The rule in such cases is much like that governing auctions—unless *a contrary intention is manifested,* the advertisement is not an offer but a request for offers; bidders ... make offers when they submit bids; and all bids may be rejected.

RESTATEMENT (SECOND) OF CONTRACTS § 28 cmt. c (1981).

2. The regulation states:

   (ii) If sealed bids are used, the following requirements apply:

   ....

   (D) A firm fixed-price contract award will be made in writing to the lowest responsive and responsible bidder....

   (E) Any and all bids may be rejected if there is a sound documented reason.

   44 C.F.R. § 13.36(d)(2)(ii)(D), (E) (2001).

548 (1972); *Cruz–Erazo v. Rivera–Montanez,* 212 F.3d 617, 622 (1st Cir.2000); *see also Indep. Enters. Inc. v. Pittsburgh Water & Sewer Auth.,* 103 F.3d 1165, 1179–80 (3d Cir.1997). Property interests are created by state law or other rules that secure benefits. *Bd. of Regents,* 408 U.S. at 577, 92 S.Ct. 2701. Look's contention that it was deprived of a protected property interest is based on the FEMA regulation, 44 C.F.R. § 13.36. Look claims the regulation required the Town to award it the road reconstruction contract and the Town abused its discretion in failing to do so.

[¶ 12] The question of whether an unsuccessful bidder for a governmental contract has a property interest in the contract is one of first impression in Maine. Several federal courts of appeals, however, have held that the bidder has no property interest. *Indep. Enters. Inc.,* 103 F.3d at 1179–80; *Sowell's Meats & Servs., Inc. v. McSwain,* 788 F.2d 226, 228 (4th Cir.1986). In *Kim Construction Co. v. Board of Trustees of the Village of Mundelein,* 14 F.3d 1243 (7th Cir.1994), the court held that the disappointed bidder for a sewer contract had no property interest in the contract because the contracting agency retained discretion to reject the lowest bid. *Id.* at 1247 (citing *Ky. Dep't of Corr. v. Thompson,* 490 U.S. 454, 464–65 & n. 4, 109 S.Ct. 1904, 104 L.Ed.2d 506 (1989)). The advertisement for bids in the *Kim Construction* case contained the same caveat as the invitation to bid in this case: the municipality "reserves the right to reject any and all bids …." *Id.* at 1245.

[¶ 13] The FEMA regulation provides that a contract award is to be made to "the lowest responsive and responsible bidder." 44 C.F.R. § 13.36(d)(2)(ii)(D). It further provides: "Any or all bids may be rejected if there is a sound documented reason."

*Id.* § 13.36(d)(2)(ii)(E). Although Look argues that the FEMA regulation required the Town to award it the contract the moment the bids were opened because its bid was the lowest, the regulation plainly does not require such a result.[3]

[¶ 14] In support of its contention that it had a protected property interest in its alleged right to be awarded the road reconstruction contract, Look relies primarily on two cases, *Three Rivers Cablevision, Inc. v. City of Pittsburgh,* 502 F.Supp. 1118 (W.D.Pa.1980), and *Pataula Electric Membership Corp. v. Whitworth,* 951 F.2d 1238 (11th Cir.1992). In *Three Rivers,* the district court held that a disappointed bidder for a city cable TV contract had a protected property interest because local law required the city to award the contract to the lowest responsible bidder, and due process entitled the lowest responsible bidder to "the non-arbitrary exercise by the city of its discretion in making the award." 502 F.Supp. at 1130–31. In *Pataula,* the Eleventh Circuit likewise held that disappointed bidders for two contracts to supply electricity to state prisons had protected property interests because state law required awards to the lowest responsible bidders, and, although the agency had discretion in making the awards, the existence of some objective standards meant that the plaintiffs stated a claim by alleging that the agency abused its discretion and arbitrarily ignored competitive bidding requirements. 951 F.2d at 1243.

[¶ 15] The holdings of *Three Rivers* and *Pataula* have been criticized and distinguished, even in their respective circuits. The Third Circuit has effectively overruled *Three Rivers,* rejecting its reasoning as "unpersuasive" and holding that a disappointed low bidder has no property inter-

---

**3.** According to Look's complaint, the reason stated by the Town for rejecting Look's bid was that the Town's selectmen determined that the costs for one item were so low that it would mean the use of inferior materials.

est in its right to receive a government contract. *Indep. Enters. Inc.*, 103 F.3d at 1178 & n. 11. The Eleventh Circuit has severely limited the holding in *Pataula*, concluding that *Pataula* and *Three Rivers* are a "questionable basis" for giving disappointed bidders a constitutional claim. *Circa Ltd. v. City of Miami*, 79 F.3d 1057, 1063 (11th Cir.1996).[4]

[¶ 16] We agree with the Seventh Circuit's holding in the *Kim Construction* case that disappointed bidders do not have a property interest unless the applicable law or regulation mandated that the contracting body accept the bid and gave it no discretion whatsoever to reject the bid. *Kim Construction*, 14 F.3d at 1247. Look has failed to demonstrate that it had a property interest in the contract that it sought through the bid process. Neither state law nor the FEMA regulation, which allows the Town to reject bids for any "sound documented reason," 44 C.F.R. § 13.36(d)(2)(ii)(E), required the Town to accept Look's bid. In the absence of such a requirement, Look cannot be said to have had a legitimate claim of entitlement to the bid. Having no cognizable property interest, Look could not have been deprived by the Town of either procedural or substantive due process.

[¶ 17] The lack of a property interest is also fatal to Look's state civil rights claim which is also based upon a deprivation of due process. *See Northup v. Poling*, 2000

ME 199, ¶ 9 n. 5, 761 A.2d 872, 875 (due process is coextensive under state and federal constitutions).

The entry is:

Appeal from dismissal of M.R. Civ. P. 80B claim dismissed. In all other respects, judgment affirmed.

---

4. Another court has stated that *Three Rivers* and its progeny "depart from the long-standing refusal of the federal courts to recognize a due process property interest of a disappointed bidder on a state contract and represent a minority viewpoint." *Sowell's Meats & Servs., Inc. v. McSwain*, 618 F.Supp. 140, 146 (D.S.C.1985), *aff'd*, 788 F.2d 226 (4th Cir. 1986). Other courts have distinguished *Three Rivers*, without accepting its reasoning, by finding no property interest as a matter of state law. *See Curtis Ambulance of Fla., Inc. v. Bd. of County Comm'rs*, 811 F.2d 1371, 1377 (10th Cir.1987) .(no property interest

because no state or local law required award to lowest responsible bidder); *L & H Sanitation, Inc. v. Lake City Sanitation, Inc.*, 769 F.2d 517, 524 (8th Cir.1985) (no property interest because, although state law required award to lowest responsible bidder, plaintiff's bid did not conform to specifications); *Northwest Disposal Co. v. Vill. of Fox Lake*, 119 Ill.App.3d 546, 75 Ill.Dec. 8, 456 N.E.2d 691, 695 (1983) (no property interest because board had wide discretion under state law to determine who was lowest responsible bidder). .