STATE OF MAINE                          BUSINESS AND CONSUMER COURT
CUMBERLAND, ss                          Location: Portland
                                        Docket No.: BCD-AP-11-05

ANTHEM HEALTH PLANS OF MAINE,    )
INC., d/b/a ANTHEM BLUE CROSS     )
AND BLUE SHIELD,                  )
                                 )
                 Petitioner,     )
                                 )
        v.                       )
                                 )
                                 )          DECISION AND ORDER
SUPERINTENDENT OF INSURANCE,      )
                                 )
                 Respondent,     )
                                 )
        and                      )
                                 )
ATTORNEY GENERAL OF THE STATE     )
OF MAINE,                         )
                                 )
                 Party-in-Interest  )
                                 )

Before the court is the joint motion of Respondent Superintendent of Insurance

("Superintendent") and Party-in-Interest Maine Attorney General to dismiss, as moot, the M.R.

Civ. P. 80C appeal of Petitioner Anthem Health Plans of Maine, Inc. ("Anthem") from the

Decision and Order of the Superintendent, dated September 9, 2010, setting the 2010 rate for

Anthem's individual health insurance products.

BACKGROUND

Chronologically, this is the second of three 80C appeals by Anthem from adverse rate

decisions by the Superintendent that have been transferred to the Business and Consumer Docket

since 2009.

1

## I.     2009 Rate Case

On March 6, 2009, Anthem filed a final revised proposal for an average rate increase of 18.5% for its individual health insurance products for the 2009 rate year.[1] On May 18, 2009, the Superintendent denied the proposal and approved rates that set Anthem's built-in risk and profit margin at 0%. (Petition ¶ 12.) This court affirmed the Superintendent's decision in *Anthem Health Plans of Maine, Inc. v. Superintendent of Insurance*, BCD-WB-AP-09-36 (Me. Super. Ct., Sag. Cty., Apr. 21, 2010) (Humphrey, C.J.) (hereinafter, "2009 Rate Case"). Anthem's appeal of this court's decision was dismissed by the Law Court as moot because the 2009 rates were no longer in effect and none of the recognized exceptions to the mootness doctrine applied. *See Anthem Health Plans of Me., Inc. v. Superintendent of Ins. (Anthem I)*, 2011 ME 48, ¶ 14, 18 A.3d 824, 828.

## II.     2010 Rate Case

On January 4, 2010, in the rate case now under consideration, Anthem filed proposed rate increases for its individual health insurance products for the 2010 rate year. (Petition ¶ 17.) The Superintendent held a hearing on April 15, 2010, and issued a decision on September 2, 2010 denying Anthem's proposal. (Petition ¶¶ 23, 25.) The proposed 2010 rates included a 3% pre-tax risk and profit margin, but, on September 9, 2010, the Superintendent approved rates that set a 0.5% built-in risk and profit margin (Petition ¶¶ 17, 26; *see* Administrative Record (hereinafter, "A.R.") 263.) The Superintendent concluded that Anthem's rate proposal was "not inadequate," but was excessive, and that any "built-in expected profit in rates must be balanced against the legitimate governmental interests of protecting the viability of the insurance pool, keeping

---

[1] On December 22, 2008, Anthem filed an initial proposal for a 14.5% average rate increase. *Anthem Health Plans of Maine, Inc. v. Superintendent of Insurance*, BCD-WB-AP-09-36, at 3, 5 (Me. Super. Ct., Sag. Cty., Apr. 21, 2010) (Humphrey, C.J.) (hereinafter, "2009 Rate Case"). On January 21, 2009, it revised the proposed average rate increase to 18.1%. *Id.* And, on March 6, 2009, submitted its final revised proposal for an 18.5 average rate increase. *Id.* at 5.

insurance premiums as reasonable as possible, and minimizing adverse selection." (A.R. 229, 244-45.)

On October 4, 2010, Anthem appealed the Superintendent's 2010 rate decision and filed a five-count petition for review of final agency action in Kennebec County Superior Court (hereinafter, "2010 Rate Case). In Counts I through III of the petition, Anthem asserts that the Superintendent's interpretation of 24-A M.R.S. § 2736 (2010) violates the law's provisions and constitutes an unconstitutional, confiscatory taking without just compensation. In Count IV, Anthem alleges that the Superintendent's decision violated 24-A M.R.S. § 2736-B (2010) because it was not issued within the statutorily prescribed time period.[2] Finally, in Count V, Anthem challenges the Superintendent's exclusion of litigation costs in the rate-setting process.

In November 2010, the Superintendent and the Attorney General applied to transfer to the Business and Consumer Court. On November 15, 2010, before the court could act on the transfer application, Anthem moved to stay all proceedings because its appeal of the 2009 Rate Case was pending in the Law Court at the time. On December 9, 2010, this court granted Anthem's motion and stayed any action on the 80C appeal and the transfer request until after the Law Court decided the 2009 case. On April 21, 2011, the Law Court issued its decision in *Anthem I* dismissing the 2009 Rate Case. *Anthem I*, 2011 ME 48, 18 A.3d 824. On June 22, 2011, this court approved the transfer of the 2010 Rate Case. A case management conference was held on June 23, 2011, and the parties agreed to a briefing schedule for the joint motion to dismiss now under consideration.

---

[2] Title 24-A M.R.S. § 2736-B (2010) requires the superintendent to issue an order or decision that either approves or disapproves the insurer's rate filing "within 30 days after the close of the hearing, or of any rehearing or reargument or within such other period as the superintendent for good cause may require, but not to exceed an additional 30 days."

3

III.     2011 Rate Case

On January 28, 2011, while the 2010 Rate Case was still pending in the Kennebec Superior Court, Anthem filed a rate increase proposal for its individual health insurance products for the 2011 rate year. *See Anthem Health Plans of Me., Inc. v. Superintendent of Ins.*, BCD-AP-11-06, at 9 (Me. Super. Ct., Cum. Cty., Aug. 29, 2011) (Humphrey, C.J.). Anthem sought an average rate increase of 9.7%. *Id.* at 10. On May 12, 2011, the Superintendent issued a decision concluding that, although Anthem's proposed rates were "not inadequate," they were "excessive and unfairly discriminatory" in contravention of 24-A M.R.S. § 2736. *Id.* at 11. As a result, the Superintendent denied Anthem's proposal and approved rates that provided for a 5.2% average rate increase. *Id.* at 13.

On June 10, 2011, Anthem appealed the Superintendent's decision to the Superior Court and it was thereafter transferred to the BCD (hereinafter "2011 Rate Case"). Anthem joined its 80C appeal with independent claims alleging constitutional violations. In response, the Superintendent, the Attorney General and Party-in-Interest Consumers For Affordable Health Care each moved to dismiss the independent claims. On August 29, 2011, this court affirmed the Superintendent's decision in the 80C appeal (Count I); granted the motions to dismiss the independent claims (Counts II and III); and denied Anthem's motion for summary judgment on the independent claims. *See Anthem Health Plans of Me., Inc. v. Superintendent of Ins.*, BCD-WB-AP-11-06 (Me. Super. Ct., Cum. Cty., Aug. 29, 2011) (Humphrey, C.J.). Anthem's appeal of the 2011 Rate Case is currently pending before the Law Court. *Anthem Health Plans of Me., Inc. v. Superintendent of Ins. (Anthem II)*, No. BCD-11-439 (Me. Sep. 8, 2011).

With all of the foregoing as a backdrop, this court now turns to the pending joint motion to dismiss in the 2010 Rate Case.

4

DISCUSSION

Maine law requires that insurance carriers doing business in the State submit proposed premium rates for individual insurance products to the Superintendent for review and approval. 24-A M.R.S. § 2736. Specifically, section 2736(1) provides that "[e]very insurer shall file with the superintendent every rate, rating formula, classification of risks and every modification of any formula or classification that it proposes to use in connection with individual health insurance policies." 24-A M.R.S. § 2736(1). The Superintendent must review the filing "to determine whether [it] meets the requirements that rates not be excessive, inadequate or unfairly discriminatory . . . ." 24-A M.R.S. § 2736(2).

The Superintendent argues that Anthem's petition in the 2010 Rate Case is moot and not subject to any exception to the mootness doctrine. "A case . . . may become moot, and hence not justiciable, if the passage of time and the occurrence of events deprive the litigant of an ongoing stake in the controversy although the case raised a justiciable controversy at the time the complaint was filed." *Halfway House v. City of Portland*, 670 A.2d 1377, 1379-1380 (Me. 1996). Courts only decide "questions of live controversy, and not hypothetical, abstract, or moot questions." *Sevigny v. Home Builders Ass'n of Me., Inc.*, 429 A.2d 197, 201 (Me. 1981).

In *Anthem I*, the Law Court considered Anthem's appeal of this court's decision in the 2009 Rate Case. 2011 ME 48, ¶ 1, 18 A.3d at 825. Because the 2009 rate was no longer in effect, the Court analyzed whether there was still a controversy with "sufficient practical effects flowing from the resolution of [the] litigation to justify the application of limited judicial resources." *Id.* ¶ 5, 18 A.3d at 826 (quoting *Lewiston Daily Sun v. Sch. Admin. Dist. No. 43*, 1999 ME 143, ¶ 14, 738 A.2d 1239, 1243). Because there was no mechanism or authority for Anthem to recover higher rates from its subscribers for the 2009 rate year, Anthem could not

5

obtain any effective financial relief and the case was moot. *See id.* ¶¶ 6-7, 18 A.3d at 826-27. Nevertheless, Anthem argued that two exceptions to the mootness doctrine applied: (a) issues of great public concern and (b) issues capable of repetition, but evading review. *See id.* ¶ 9, 18 A.3d at 827. The Law Court held, over dissent, that because the 2009 rate year presented a unique economic situation, and given the changing regulatory climate in health care and the election of a new governor and Legislature, the precise issues in the appeal may not be presented again despite the cyclical nature of ratemaking. *See id.* ¶¶ 10, 12, 18 A.3d at 827-28. Based on the same considerations, the Court held that judicial restraint was warranted even assuming that ratemaking was of great public concern. *See id.* ¶ 11, 18 A.3d at 827. The Law Court thus dismissed the appeal as moot. *See id.* ¶ 14, 18 A.3d at 828.

The Superintendent similarly asserts that, like *Anthem I*, no sufficient practical effects would flow from a decision by this court in the 2010 Rate Case because the 2010 rates are no longer in effect and the court cannot order policyholders to retroactively pay Anthem more money. The court agrees that the 2010 Rate Case is technically moot because the outcome will not affect the parties' dispute. *See Me. Sch. Admin. Dist. No. 37 v. Pineo*, 2010 ME 11, ¶ 8, 988 A.2d 987, 990-991.

Anthem does not seem to challenge the technical mootness of its appeal, but asserts that the controversy surrounding the Superintendent's interpretation of 24-A M.R.S. § 2736 is capable both of repetition and of evading review. Anthem notes that the Superintendent has maintained the same position regarding the meaning of "not inadequate" in each of the 2009, 2010, and 2011 ratemaking proceedings, the precise legal issue for which Anthem seeks review.[3] Anthem also argues that the concerns of the Law Court in mooting its prior appeal have not

---

[3] As noted, this court recently affirmed the Superintendent's decision in Anthem's 2011 ratemaking case. *See Anthem Health Plans of Me., Inc. v. Superintendent of Ins.*, BCD-WB-AP-11-06 (Me. Super. Ct., Cum. Cty., Aug. 29, 2011) (Humphrey, C.J.).

6

come to fruition: there have been no changes in the federal or state regulatory framework regarding health care legislation. *See Anthem I*, 2011 ME 48, ¶¶ 10, 12, 18 A.3d at 827-28. Anthem thus requests review on the merits.

The Superintendent counters that Anthem's appeal in the 2011 Rate Case is pending before the Law Court and raises the identical issue of the Superintendent's interpretation of section 2736. Because the Law Court currently is reviewing this issue, the Superintendent argues that the issue is not evading review, even if it is capable of repetition.

This argument is persuasive. There is no practical effect of this court considering the merits of Anthem's appeal. The relevant 2010 rate period has passed and the court has no authority to order Anthem's subscribers to pay an increased rate; Anthem simply no longer has "an ongoing stake in the controversy." *Carroll F. Look Constr. Co. v. Town of Beals*, 2002 ME 128, ¶ 6, 802 A.2d 994, 996 (quotation marks omitted). Further, because the Law Court is now considering the exact issues that this court has been asked to review, the court would be duplicating efforts that in all probability will be resolved in the interim. Accordingly, this court "will not expend limited judicial resources to review the legal correctness of a decision that will no longer affect the parties involved" and will be resolved sooner in another case on appeal between the same parties. *See Pineo*, 2010 ME 11, ¶ 8, 988 A.2d 987at 991.

Based on the foregoing, and pursuant to M.R. Civ. P. Rule 79(a), the Clerk is directed to enter this Order on the Civil Docket by a notation incorporating it by reference and the entry is

> The Appeal of Anthem Health Plans of Maine, Inc. of the Decision and Order of the Superintendent of Insurance, dated September 9, 2010, which subsumes and incorporates the Superintendent's Decision and Order, dated September 2, 2010, is DISMISSED as moot.

Date:    December 28, 2011

_____
Chief Justice, Superior Court

Entered on the Docket: 12.28.2011
Copies sent via Mail ___ Electronically ✓

# Anthem Health Plans of Maine, Inc. v. Superintendent of Insurance, et al
# BCD-AP-11-05

## *Counsel of Record*

| Attorney Name | Party Name |
|---|---|
| Christopher Roach, Esq. | Anthem Health Plans of Maine |
| Thomas Sturtevant, AAG | Superintendent of Insurance |
| Christina Moylan, AAG | Attorney General of the State of Maine |