STATE OF MAINE                                      SUPERIOR COURT
CUMBERLAND, ss                                      Civil Action
                                                    Docket No. AP-23-15


COURTNEY HOLUB, JENIROSE          )
FRIEDKIN, CHRISTOPHER HAVEY,      )
CHESTER HOJACK, KAITLIN           )
O'CONNOR GEE, BRANNEN GEE,        )
MATTHEW ANDERSON, LOUIS           )   **ORDER ON CITY OF PORTLAND AND**
GARCIA, MONICA GARCIA, MARIN      )       **FALLBROOK COMMONS**
MAGAT, BRYN ARBUCKLE, GAVIT       )   **DEVELOPMENT, LLC'S JOINT MOTION**
PROTAS, JOEL MICILWAIN, and       )            **TO DISMISS**
DIANE SHEA,                       )
                                  )
            Petitioners,          )
                                  )
      v.                          )
                                  )
CITY OF PORTLAND,                 )
                                  )
            Respondent,           )
                                  )
      and                         )
                                  )
FALLBROOK COMMONS                 )
DEVELOPMENT LLC,                  )
                                  )
            Party-in-Interest.    )
                                  )


      Before the court is Respondent City of Portland and Party-in-Interest Fallbrook

Commons Development, LLC's ("Fallbrook Commons") Joint Motion to Dismiss the Complaint

filed by Courtney Holub, Jenirose Friedkin, Christopher Havey, Chester Hojack, Kaitlin

O'Connor Gee, Brannen Gee, Matthew Anderson, Louis Garcia, Monica Garcia, Marin Magat,

Bryn Arbuckle, Gavit Protas, Joel Micilwain, and Diane Shea (collectively "Petitioners")

pursuant to M.R. Civ. P. 12(b)(1) and 12(b)(6). Petitioners, proceeding *pro se*, filed a Complaint

for Review of Government Action pursuant to M.R. Civ. P. 80B seeking review of a final

REC'D CUMB CLERKS OFC
OCT 2 '23 PM3:28

decision of the City of Portland Planning Board denying the Petitioners' appeal of a blasting permit the City granted to Fallbrook Commons. For the reasons discussed below, the City of Portland and Fallbrook Commons's Joint Motion to Dismiss is GRANTED.

FACTS

The following facts are drawn from the Complaint,[1] which must be taken as true at this stage of the proceedings.

The Fire Department of the City of Portland issued a Blasting Permit (FIRE2022-01299) on December 30, 2022 for drilling and blasting at the Fallbrook Commons Assisted Living Facility located at 368 Ray Street. (Compl. ¶ 1; Notice of Decision ¶ 1.) Blasting began on January 4, 2023. (Compl. ¶ 1.) The blasting was disruptive to Petitioners, who live on Florida Avenue in Portland in close vicinity to the property at 368 Ray Street. (*See* Compl. ¶ 2.) The blasting caused property damage to Petitioners' property. (*Id.*) Petitioners were not given proper notice of the pending blasting permit or the blasting schedule after the permit was issued. (Compl. ¶ 3.)

Petitioners appealed the Blasting Permit on January 30, 2023. (Compl. ¶ 6.) Petitioners sought to be heard on their concerns about the Blasting Permit during a February 3, 2023 public meeting of the Zoning Board of Appeals. (Compl. ¶ 7.) The Blasting Permit was not on the agenda for the February 2, 2023 meeting, although a related appeal of a permit issued for the same project was on the agenda. City of Portland, Maine Zoning Board of Appeals, *Appeal Agenda (February 2, 2023)*, https://portlandme.portal.civicclerk.com/event/6122/files (last

---

[1] The court also draws facts from certain record documents filed by Petitioners and from public documents that are central to Petitioners' claim and referred to in the Complaint to aid in recounting the facts and the court's analysis. These documents are central to the Petitioners' claim and are referred to in their Complaint, therefore they merge into the pleadings and do not convert this Motion to Dismiss into a motion for summary judgment. *Moody v. State Liquor & Lottery Comm'n*, 2004 ME 20, ¶ 10, 843 A.2d 43.

visited Sept. 27, 2023). Petitioners were not heard at the February 2, 2023 meeting. (Compl. ¶ 6.)

Petitioners also moved in this court for injunctive relief on January 31, 2023. Plaintiffs' Motion for Injunctive Relief, *Holub v. City of Portland*, CV-23-42 (Me. Super. Ct. Cumb. Cnty., Jan. 31, 2023). This court denied the motion for preliminary injunctive relief on February 16, 2023 because the blasting was over, making the request for injunctive relief moot. *Holub v. City of Portland*, CV-23-42, slip op. at 2-3 (Me. Super. Ct. Cumb. Cnty., Feb. 16, 2023).

The City of Portland Planning Board held a public hearing via Zoom in accordance with applicable Maine law on Petitioners' appeal of the Blasting Permit on April 11, 2023. (Notice of Decision ¶¶ 1, 4.) Petitioners were unsatisfied with the way City Zoom hearings had gone in the past, so they requested an in-person meeting. (Compl. ¶¶ 12-13.) The Planning Board meeting was ultimately held via Zoom, so the petitioners decided not to attend. (Compl. ¶¶ 12, 14; Notice of Decision ¶ 8.) At the meeting, the Planning Board received evidence in support of the issuance of the Blasting Permit, including testimony that the blasting was completed in a timely matter. (Notice of Decision ¶¶ 9-10.) The Planning Board voted 5-0 to deny the administrative appeal of the Blasting Permit. (Notice of Decision.)

Petitioners received notice of the decision on April 21, 2023 (Email from Matt Grooms to Petitioners dated April 21, 2023,) and filed this Complaint for Review of Government Action pursuant to M.R. Civ. P. 80B on May 15, 2023. (Compl.) The Complaint seeks review of the Planning Board's April 12, 2023 decision denying Petitioners' appeal of the Blasting Permit. (Compl. 6.) Petitioners are requesting remedies including remanding the matter for an in-person hearing and ordering evaluation for radon gas in the blast area. (Compl. 6.) The City of Portland and Fallbrook Commons filed their Joint Motion to Dismiss on July 19, 2023. (Mot. Dismiss.)

ANALYSIS

The City and Fallbrook Commons seek dismissal on two grounds: lack of subject matter jurisdiction under M.R. Civ. P 12(b)(1), and failure to state a claim upon which relief can be granted under M.R. Civ. P. 12(b)(6), arguing that Petitioners' claim is moot and is barred by res judicata. (Mot. Dismiss 1-4.)

A motion to dismiss pursuant to M.R. Civ. P. 12(b)6) tests the legal sufficiency of the complaint. *State v. Weinschenk*, 2005 ME 28, ¶ 10, 868 A.2d 200. When ruling on a motion to dismiss the court views the "facts alleged in the complaint as if they were admitted." *Nadeau v. Frydrych*, 2014 ME 154, ¶ 5, 108 A.3d 1254 (per curiam) (quotation marks omitted). A complaint must set forth the "elements of a cause of action or allege[] facts that would entitle the plaintiff to relief pursuant to some legal theory." *Id.* Facts are read in the light most favorable to the plaintiff. *Id.*

An 80B appeal is moot when "'the passage of time and the occurrence of events deprive the litigant of an ongoing stake in the controversy,'" even if the case "'raised a justiciable controversy at the time the complaint was filed.'" *Carroll F. Look Constr. Co., Inc. v. Town of Beals*, 2002 ME 128, ¶ 6, 802 A.2d 994 (quoting *Halfway House, Inc. v. City of Portland*, 670 A.2d 1377, 1379-80 (Me. 1996)). When reviewing a claim for mootness, courts look to whether "sufficient practical effects can flow from the litigation to justify the use of limited judicial resources." *Id.*

Here, even if Petitioners' allegations are true, the blasting they object to is already complete. Even if the City did not lawfully grant the Blasting Permit or follow procedural rules for Petitioners' appeal of the Blasting Permit, a decision from this court on the matter would have no practical consequences attached. *See id.* ¶ 7; *Wolfram v. Town of N. Haven*, 2017 ME

114, ¶ 20, 163 A.3d 835 ("Procedural errors are harmless and will not be grounds to vacate a decision unless they are inconsistent with substantial justice and result in prejudice."). Preventing this court from using limited judicial resources to make an abstract decision that would not have any practical result is exactly what the mootness doctrine is designed to do. [2] *Carroll F. Look Constr. Co, Inc.*, 2002 ME 128, ¶ 7, 802 A.2d 994.

## ORDER

For the reasons discussed above, the City of Portland and Fallbrook Commons's Joint Motion to Dismiss is GRANTED.

The Clerk is requested to enter this Order on the docket for this case by incorporating it by reference. M.R. Civ. P. 79(a).

DATED: 10/2/23

_____
Thomas R. McKeon
Justice, Maine Superior Court

Entered on the Docket: 10/2/2023

---

[2] Mootness on its own is sufficient to grant this Joint Motion to Dismiss, therefore the court does not reach the other grounds argued for dismissal.